6   41<br>95   148

## MERRILL v. GORHAM.

Where there are two laws upon the same subject, they must be so construed as to maintain both, if it can be done without destroying the evident intent and meaning of the latter act.

The fact that the assessment for State and county taxes for 1855–6, in San Francisco County, was not based on the valuation of the City Assessor, as required by the Act creating the Board of Supervisors, passed 1851, is not a sufficient ground for an injunction upon the collection of the taxes, as the party could have appealed to the Board of Equalization if aggrieved.

A party who has his remedy provided by law, but does not avail himself thereof, and fails to show wherein he is injured, is not entitled to relief in a Court of Chancery.

A sheriff is a ministerial or executive officer solely, and there is no constitutional prohibition against his exercising the duties of tax collector, where the law consolidating the two offices was passed prior to his election.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff filed his bill for an injunction against the defendant, to enjoin his collecting, by sale, as "late sheriff and ex officio tax collector," the State and county taxes assessed on plaintiff's property in San Francisco for the fiscal year 1855–6. The grounds of the application appear in the opinion of the Court. It is admitted that the defendant's election, as sheriff, was after the passage of the act making the sheriff tax collector.

The District Court granted the injunction, and defendant appealed.

*Alexander Campbell and E. R. Carpentier* for Appellant.

1. The plaintiff does not show that the assessment of the County Surveyor was higher than that of the City Assessor, and, therefore, shows no injury.

If any injury were done, the plaintiff had his appeal to the Board of Equalization, having failed to do which, he is concluded. Williams v. Holden, 4 Wend., 223.

2. The Legislature had the power to direct that the sheriff should also be tax collector, and the defendant was elected to fill both offices under the law. The only provision of the Constitution on the subject is that the tax collector shall be elected by the people of the district. Debates Const. Conv., 365, *et seq.*; People v. Coleman, 4 Cal., 46.

*Annis Merrill,* Respondent in person.

1. The law of April 29, 1851, is to govern. It has not been repealed and is not repugnant to the Act of 1854.

Ottaway *v.* La Salle, 12 Ill., 339; Const., Art. iv., § 25. Under the law of 1851 the assessment is illegal and void. Granger *v.* Parsons, 2 Pick, 392.

2. The defendant has no authority to collect taxes. The tax collector is a constitutional officer. Const. Art. xi., § 13.

The sheriff belongs to the Judicial Department. Const. Art. vi., § 7. He cannot, under the section last cited, discharge *ex officio* any other duties. Const. Art. iii.; Burgoyne *v.* Supervisors, 5 Cal., 9.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

There are two questions presented by the record for our consideration, first, whether the taxes for the county of San Francisco should be assessed according to the provision of the law of April 29, 1851, or the act of May 15, 1854; and second, whether the sheriff can, constitutionally, exercise the duties of tax collector.

Upon the first point it is contended that the two acts are to be construed *in pari materia,* and that the act of '54 does not repeal in direct words, or by implication, the ninth section of the act of '51, which provides that, "within the City of San Francisco the Board of Supervisors shall cause the State and county taxes to be assessed upon the valuation made by the city assessor, and they shall be a Board of Appeals for the equalization of county and State taxes."

It is a familiar rule in construing statutes, that where there are two laws upon the same subject, they must be so construed as to maintain both, if it can be done without destroying the evident intent and meaning of the latter act.

The law does not favor a repeal by implication, and unless the former act be referred to, or is clearly repugnant to the provisions of the latter, both must stand.

It is not necessary to decide whether the two acts under consideration are repugnant, as the ninth section of the act of '51 enjoins upon the board of supervisors the duty of making the assessment conform to a particular basis, and also constitutes them a board of equalization, it results that the party, if he were aggrieved, had his remedy by appealing to the board; but not having done so, and having failed to show wherein he is injured, he is not entitled to relief in a Court of Chancery.

Upon the second point it is contended that the sheriff is a judicial officer, or belongs to the judicial arm of the government, and is therefore prohibited from exercising any duties appertaining to any other department.

The error in this argument consists in regarding the sheriff as a judicial officer, when his duties are entirely executive or ministerial, in which capacity he may be said to execute the laws of the State. The fact that his election is provided for in that article of the constitution

which treats of the judicial department of the government, does not stamp his character as a judicial officer.   Anciently sheriffs exercised a variety of judicial functions, but their jurisdiction to hear and determine controversies was gradually taken away by acts of Parliament, until they were restricted almost entirely to the performance of ministerial duties.   In this latter sense they are regarded in the United States, and particularly by the laws of this State, which have not assigned to them the performance of any judicial duties whatever, (for I apprehend that the proceeding to try the right of property, being only for the security of the officer, will not be called a judicial proceeding.)

Again, the Constitution has vested the judicial power of the State in a Supreme, District, County and Court of Sessions, in Justices of the Peace and such inferior Courts as the Legislature may create.   Now it is clear the sheriff is not a judge of any of the Courts so named, neither has he been made such, of any inferior Court created under this provision, (to say nothing of his ability to perform such functions,) so that he is not, in the sense of the Constitution, charged with the performance of any judicial duties.   We can see no objection to his exercising the duties of collector, as they are of the same character as those of his office, and there is no constitutional inhibition.   Indeed, motives of prudence and economy may often require the consolidation of different offices of the same character, and we would be reluctant to adopt a rule of construction, which would effectually block the wheels of progress and reform, and prevent the Legislature from dispensing with useless offices.

The fact that the offices were consolidated before the election, and that the sheriff was elected by the people of the same district, brings the case within the provision of the Constitution which requires collectors of taxes to be elected by the inhabitants of their districts.   Judgment reversed.