## THE PEOPLE *ex rel.* ATTORNEY-GENERAL *v.* SQUIRES.

THE Legislature, having vested certain duties in a public officer, for whose services compensation is allowed, may take those duties and the fees from the office before the expiration of the term, and confer them upon another officer.

It seems the office of Sheriff and Tax Collector are constitutional offices.

The Sheriff is not a judicial officer. And, though the offices of Sheriff and Tax Collector are distinct by the Constitution, yet they may be united in the same hands.

*Merritt* v. *Gorham,* (6 Cal. 41,) and *People* v. *Edwards,* (9 Id. 292,) affirmed.

The Sheriff, being *ex officio* Tax Collector of foreign miners' licenses, by an Act of the Legislature, may be deprived of the office of Tax Collector, before the expiration of his term.

The Constitution affixes no period of tenure to the office of Tax Collector, nor does it provide any mode of appointment. So far as this office exists in the incumbent, it is an office created by legislative act. The Legislature may direct how it shall be filled, and how its duties shall be discharged.

*Smith* v. *Stillman*, decided in 1852, (not reported,) to the effect, that after the Legislature has created an office contemplated, or provided for, by the Constitution, it cannot destroy the office of the incumbent during his term, overruled.

*People* v. *Haskell*, (5 Cal. 357,) affirmed.

An Act of the Legislature, authorizing Boards of Supervisors to appoint a Collector of foreign miners' licenses, is not unconstitutional. Assessors and Tax Collectors are constitutional officers, but it is not necessary, under the 13th Section of Article 11 of the Constitution, that every portion of the revenue pass through their hands. The Legislature may authorize the tax payer to pay his taxes directly into the treasury.

The foreign miners' license, though in some sense a tax, yet, probably, it is not so in the sense involved in the necessary duties of a Tax Collector—as a tax on land or personal property.

APPEAL from the Sixteenth District.

For facts see opinion. Relator appeals.

*Latham & Sunderland,* for Appellant.

1. The Constitution, (Sec. 13, Art. 11,) provides that "Assessors and Collectors, of town, county, and State, taxes, shall be elected by the qualified electors of the district, county, or town, in which the property taxed for State, county, or town, purposes, is situated."

Sheriffs are elected for two years, and are, *ex officio,* Collectors of foreign miners' licenses. (Wood's Dig. 558, 644, Art. 3108.) The office of Sheriff is a constitutional office, the duration of which is left to the Legislature. But the term cannot be shortened, so as to oust an incumbent before the expiration of the term for which he was elected. In *Smith* v. *Stillman,* first decided in 1852, and afterwards, on reargument, in 1854, not reported, this Court said: "The authority to establish the Superior Court was perfect and absolute, and when once exercised was exhausted, and could not°be resumed until after the expiration of the term of office limited by the Act. From the moment of its establishment and the election of the Judges, the term and emoluments of their respective offices came within the same protection extended to Supreme and District Judges." (See, also,

*Marbury* v. *Madison*, 1 Cranch, 137; *People* v. *Jewett*, 6 Cal. 291.)

2. The office of Collector of foreign miners' license, comes within the same rule. The offices of Sheriff and Tax Collector are distinct, though filled by the same person. (*People* v. *Edwards*, 9 Cal.; *Merrill* v. *Gorham*, 6 Id. 41.) Mulford was elected to these two offices, and can be deprived of one just as well as the other. (*Warner* v. *People*, 3 Denio, 272; 1 Cranch, 137.)

3. The Legislature cannot change the mode of appointment to office. Mulford was re-elected; Squires was appointed by the Supervisors, without authority, and his appointment is void. (Const. Art. 11, Sec. 13.)

*Robinson, Beatty & Heacock*, for Respondents.

The simple question is, can the Legislature add to, or subtract from, the duties of the Sheriff's office during the incumbent's term?

1. The office is not made for the officer, but to promote the ends of government. With the exception of those officers whose duties are defined by the organic law, the powers and functions, rights and duties, of officers, vary and change with the progress and policy of the government. The Sheriff, as such, has no authority or right to collect the revenues of the State. This is a duty, a burden, or a benefit, imposed on him by law, independent of his office of Sheriff. (9 Cal. 282.) The Revenue Law of 1857, made him Tax Collector and also Collector of foreign miners' license. The office of Tax Collector is a distinct office, provided for by the Constitution, the incumbent of which must be elected by the people. (*The People* v. *Naglee*, 1 Cal. 232; *People* v. *Coleman et al.* 4 Id. 46.) The Constitution makes no provision for an officer to perform this duty. The Legislature has conferred it on the Sheriff and Tax Collector, and the same power can take away the privilege and confer it on other persons.

2. It is argued that the Sheriff is also elected a Tax Collector, and cannot be deprived of his emoluments as such, during the term. But neither the law nor the Constitution has fixed the term of a Tax Collector. The Constitution has provided that the Tax Collector shall be elected by the people. The law pro-

vides that the Sheriff, who is elected by the people, shall be Tax Collector. This Court has decided that to be a substantial compliance with the Constitution, which requires the people to elect the Tax Collectors.

The Legislature, in this case, has simply taken from the Sheriff the right to sell foreign miners' license—an act totally distinct from both the office of Sheriff and of Tax Collector. (*People* v. *Naglee*, 1 Cal.; *People* v. *Coleman*, 4 Id.; *People* v. *Edwards*, 9 Id.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This is an information filed by the Attorney-General. Its object is to test the constitutionality of the Act of the Legislature, passed February 26th, 1859, entitled "An Act concerning the officers of Calaveras County, and the collection of Poll Taxes, License Taxes, and Foreign Miners' Taxes in said County." (See Acts of 1859, p. 45.) By this Act it is provided that the Sheriff of Calaveras, who is *ex officio* Collector of foreign miners' license tax, shall cease to collect said tax on the 1st of March, 1859. It further provides that the Board of Supervisors shall appoint a Collector of said taxes in each township in said county, to hold office for one year.

P. S. Mulford was elected Sheriff of the county at the general election in September, 1857, for two years, and gave bonds both as Sheriff and Collector of foreign miners' license tax, and took the oath of office as required by law. He was such officer until 1st March, 1859, and is willing and offers to collect these taxes. Squires was appointed by the Board of Supervisors on the day last named, Collector of such taxes for Township, No. 6, in Calaveras County, and duly qualified. The question is as to his right to this office. Upon these facts, the Court below found in favor of the Respondent, affirming the constitutionality of the Act in question; and the correctness of its decision depends upon the propositions: Is it competent for the Legislature, having vested certain duties in a public officer, for the discharge of which he has given bond, and for whose services compensation is allowed, to take those duties and the fees from the office before the expiration of the term, and confer them upon another officer?

Both the office of Sheriff and the office of Tax Collector seem

to be constitutional offices—though the Constitution is silent as to their duties and the duration of their terms. The Constitution, Section 13, Art. 11, provides, that: "Assessors and Collectors of Town, County, and State, taxes, shall be elected by the qualified electors of the district, county, or town, in which the property taxed for State, County, or Town, purposes, is situated." The Legislature, by Act of 1851, (Wood's Digest, 558,) concerning Officers, provides that Sheriffs shall be elected at the general election of that year, and every two years thereafter. The Sheriff, by Section 3, of Art. 3108, (Id. 664,) is *ex officio* Collector of foreign miners' tax or license. This section seems to contemplate a separate bond from the Sheriff for this particular duty, but by the Revenue Act. of 1854, as held in *People* v. *Edwards*, (9 Cal. 292,) the general bond of the Sheriff is made to cover his liabilities as Tax Collector, though it does not, it seems, cover his liability as Collector of taxes on foreign miners' licenses.

In *Merritt* v. *Gorham*, (6 Cal. 41,) it was held that a Sheriff is not a judicial officer, and though the offices of Sheriff and Tax Collector are made distinct by the Constitution, yet they may be united in the same hands. This was reaffirmed in *People* v. *Edwards*, (*supra.*)

It is argued, that the office of Sheriff is a constitutional office, though no term is affixed by the Constitution, yet, when the Legislature fix the term, it is not afterwards within their power to abridge it. And it is said, on the same principle, that as the office of Tax Collector is as separate and distinct an office from the office of Sheriff as any other office, that Mulford may be regarded as Tax Collector, without any reference to his office of Sheriff, and this statement is made as preliminary to the direct proposition, that the office of Tax Collector cannot be taken from the incumbent of the office until the expiration of the term for which he was appointed or elected. As we do not agree to this proposition, even as thus stated, it is not necessary to question the statement, or criticise the mere process of the argument.

It has been seen that the service or duty of collecting foreign miners' licenses did not originally belong to the Sheriff or his office. Whether it was a necessary appendage to the office of Tax Collector, it is not important here to determine. It was attached, so to speak, by legislative act. It would seem that it

might be detached by the same process.   The Sheriff holds the office of Collector of this tax, by virtue of an Act of the Legislature.   His election and qualification as *Sheriff*, do not give him this office, but the Act of the Legislature, by its sole and express direction, gives it.   The same power that made can destroy, unless, indeed, there be some vested right created by the Act, or some right of property.   So far as this office *exists in the incumbent*, it is an office created by legislative act.   The Constitution affixes no period of tenure to this office of Tax Collector; nor does it provide any mode of *appointment*.   The vesting of this office in the Sheriff being by legislative act, though *the office* cannot be destroyed by the Legislature, yet the Legislature, not restricted in this respect by the Constitution, may direct in what manner the duties shall be discharged, and how the office may be temporarily filled.

*Smith* v. *Stillman*, decided in 1852, (not reported,) has been cited to show, that after the Legislature has created an office contemplated or provided for by the Constitution, it cannot destroy the office of the incumbent during his term.   But the doctrine cannot be maintained, and is overruled, in effect, by the case of the *People* v. *Haskell*, (5 Cal. 357.)   See the cases cited on the argument in that case.

We regard the act of the Legislature giving this office to the Sheriff, as a mere legislative transfer to this officer of the duties of Tax Collector, and that the same power which placed them in the hands of the Sheriff, could divest them, and place them in other hands.

The only difficulty we encounter is in the constitutional objection to this appointment of Squires by the Board of Supervisors. If the Collector of foreign miners' licenses be an officer within the 13th Section of Art. 11 of the Constitution, it is said that he must be elected by the qualified electors of the district, county, or town, etc.   Here it is provided he shall be appointed by the Board of Supervisors.   But it might be said, probably, in reply, that this appointment is not necessarily void on this account; that the appointment may be temporarily lodged in the hands of the Supervisors, as it might be temporarily given to a Governor—and would be good, at least, until a general election. But, waiving this: the error of the argument is in supposing

that, because Assessors and Collectors are constitutional officers, every portion of the revenue must necessarily pass through their hands. We do not see that it would be at all unconstitutional to authorize every tax payer to pay his taxes directly into the treasury. The law authorizes many acts—such as the service of papers, etc.—which seem appropriately to belong to the Sheriff's office, to be done by the parties or private persons. The law might authorize the collection of stamp duties by Notaries, or by the Secretary of State; or steamboat licenses, or saloon or billiard licenses by Clerks or Sheriffs; or taxes on writs by Clerks. Indeed, the whole of the license receipts, where licenses are required, we apprehend, might be made, if they are not now, receivable by other persons than Tax Collectors. If the Legislature could do away with the tax entirely, after the qualification of the Sheriff, it is difficult to see why they could not change the hands that were to collect it. Though the license may be considered, in some sense, as a tax, yet probably it is not so in that sense which was involved in the supposed necessary duties of the Tax Collector—as a tax on land or personal property. It is a special contribution laid on a certain class of foreigners for the support of government, and created by special Act of the Legislature. The duties of Tax Collectors are wholly undefined by the Constitution, as also their services and compensation; these are left to legislative direction, and we cannot see that an Act of the Legislature, committing this special duty of collecting this license money to particular officers selected by the Board of Supervisors, is a clear violation of the Constitution—in which event only could we declare it void.

We think the judgment should be affirmed.