## G. R. MINER *v.* SOLANO COUNTY.

COMPLAINT IN ACTION AGAINST COUNTY.—A complaint in an action brought by a Justice of the Peace against a county for services rendered as Justice for the county, which merely alleges that the plaintiff, as Justice of the Peace, performed services at the request of the District Attorney for the county in cases wherein the People of the State were plaintiffs to the amount of three thousand two hundred dollars, "and that the defendant thereby became and is liable to pay the said sum," does not state facts sufficient to constitute a cause of action.

JUSTICES' FEES IN TAX CASES.—Justices of the Peace are not entitled to any fees for services rendered by them as such, in actions brought by the People before them to recover judgment for delinquent taxes, unless such fees are collected by the defendants.

FEES OF JUSTICES OF THE PEACE.—A Justice of the Peace has no vested right to collect fees according to the fee bill in force at the time of his election or induction into office, but the Legislature may change his fees at any time during his continuance in office.

APPEAL from the District Court, Seventh Judicial District, Solano County.

Judgment was rendered for the defendant in the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Whitman & Wells*, and *E. A. Lawrence*, for Appellant.

Justices of the Peace are constitutional officers. They are not the creatures of statute. (Wood's Dig. 33, Sec. 1.)

They are the only judicial officers allowed to receive *fees* as a compensation for their services.

The Legislature is required to determine the number of Justices, "and fix by law their powers, duties, and responsibilities."

In pursuance of this command, the Legislature did prescribe the fees to be allowed to a Justice of the Peace, (Sec. 1, 1850, p. 416,) which from time to time have been varied; but in no instance before these Acts were repealed.

We submit that it is incompetent for the Legislature to repeal this Act, and take away from Justices *all* compensation for their services. It can only change or alter the amount of the fees to be received by him, and has no more power to abolish the fees of the office than it has to abolish the office itself.

Again : The law is objectionable because it makes the Justice interested in the case, and thereby disqualifies him from trying it.

Section eighty-seven of the Judiciary Act provides that a Judge shall not act as such in any of the following cases: In an action or proceeding to which he is a party, or in which he is interested; and this provision applies to Justices. (*Edwards* v. *Russell,* 21 Wood, 63 ; *Baldwin* v. *McArthur,* 17 Bart. 414 ; *Bellows* v. *Pearson,* 19 Johns. 172.)

*Swan & Hays,* for Respondent.

By the Court, RHODES, J.

The respondent urges that the complaint does not state facts sufficient to constitute a cause of action. The point is well taken. The allegation is that the plaintiff, as a Justice of the Peace, performed services, at the request of the District Attorney for that county, in cases wherein the people of the State were plaintiffs, to the amount of three thousand two hundred dollars, " and that the defendant thereby became and is liable to pay the said sum." There is no allegation of the means by which the county became liable. It is not alleged that the services were rendered for or were procured by the county, or

that the county received any benefit from their performance, nor is it stated that judgments were rendered in those cases, nor that the defendants in those actions have not paid or were unable to pay for the services.

This, in effect, disposes of the appeal; but as the defect might be remedied, if an amendment to the complaint should be permitted, it is proper to notice the point upon which the case would turn, upon the amendment being made.

The findings show that the services of the appellant were rendered in suits for the collection of delinquent State and county taxes, brought under the Revenue Act of 1861, and the Acts amendatory thereof, and the Act of 1861, to legalize and provide for the collection of delinquent taxes; also, the Act of 1862, in relation to suits brought for the collection of delinquent taxes.

It is provided by section forty-six of the Revenue Act of 1861 that: "All officers shall perform such services as might be required of them, under this Act, without the payment of fees in advance,    *   *   *   provided that no fees or costs shall be paid to any officer or District Attorney, unless the same be collected from the defendants." This provision is evidently inconsistent with the general law (Act of April 12, 1859, p. 223,) which provides that in actions brought by the State or county, etc., fees shall not be required to be paid in advance, but shall become a charge, to be audited and allowed as other demands against the State or county, and therefore the provision in the Revenue Act must govern, in the cases provided for in that Act.

The appellant contends that the provisions of the Revenue Act prohibiting the payment of fees unless collected from the defendants is unconstitutional on several grounds, and among others, that it impairs the obligation of the contract between the Government and the Justice. A Justice of the Peace is the only judicial officer who is permitted by the Constitution to receive fees of office to his own use. Fees are not regulated by the Constitution, but the whole subject is left to the control of the Legislature, and they may in their discretion

destablish the rate of fees, and prescribe who shall be liable for their payment, together with the time and manner of payment. A person elected as a Justice of the Peace has no vested right to collect fees according to the fee bill in force at the time of his election or induction into office; but he accepts the office with the distinct understanding, that during his term of office the Legislature may modify or amend the Acts concerning fees of office, without impairing any legal right acquired by him by virtue of his election and entry upon the duties of his office. (*Attorney-General* v. *Squires*, 14 Cal. 12.)

It is urged that the provision under consideration is objectionable, because by giving the Justice fees only in case of judgment against the defendant, it thereby makes him interested in the result of the case and disqualifies him from trying it. If that result is worked out by those means, it does not follow that the Justice may collect fees from the plaintiff contrary to the Act, for the purpose of balancing his interest between the parties, so that he may be qualified to try the cause. If he is disqualified from acting on those grounds, he may remove the bar by releasing fees to which he is entitled, but he cannot accomplish that result by demanding fees which he is forbidden to receive. If the statute has in fact disqualified him from acting, by reason of his interest in the result of the action, that fact would, upon objection being made on that ground, deprive him of all jurisdiction, rather than enlarge his power, in the trial of the action.

We do not think the section under consideration is in conflict with the clause of the Constitution requiring that taxation shall be equal and uniform throughout the State; for that clause has no relation to the section. If the Justice's services can be demanded without compensation, those services are not rendered in discharge of a tax.

Laws of the character of the one before us are found upon the statute books of most of the States. In some instances, no fees are paid in cases where the State is a party, if judgment is not rendered against the defendant; in others the fees are payable to certain of the officers and not to others, and yet

those laws have been steadily maintained. The principles upon which they have been upheld, are that the whole subject matter of fees rests in the discretion of the Legislature, and that in a matter where the statute has not provided any compensation for a specified service of an office, "the statute seems to have referred his compensation to perquisites for other services." (*Ex parte Minier*, 2 Hill, 411.) The Legislature seem to have considered the fees payable to the Justice, in other cases than those in which the State failed to recover a judgment for delinquent taxes, as sufficient compensation for his services in all cases brought before him. If that compensation is, in fact, inadequate for the services performed by the Justice, the remedy is with the Legislature, for the Courts cannot award compensation for official services, where none is provided by law.

Judgment affirmed.