[Crim. No. 2811. Second Appellate District, Division One.—April 24, 1936.]

In the Matter of the Application of HANNAH ZUKER for a Writ of Habeas Corpus.

[Crim. No. 2814. Second Appellate District, Division One.—April 24, 1936.]

In the Matter of the Application of JAMES M. ZUKER for a Writ of Habeas Corpus.

Wolfson, Swetow & Brown for Petitioners.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

HOUSER, P. J.—*Habeas corpus.*

In this matter, it appears that in a proceeding supplementary to the execution of a judgment, on a hearing thereof before a referee appointed by the superior court, both Han-

nah Zuker and James M. Zuker were sworn and testified; that in so doing, each of such witnesses testified to certain facts, as to which several other witnesses in effect testified to the contrary; also, that as to petitioner James M. Zuker, after having been orally ordered by the referee to produce certain books and records, he failed to do so; that thereupon, in pursuance of an affidavit made in the nature of a summary respecting such facts by the attorney who represented the judgment creditor on such hearing, together with a ''certification'' by the said referee relative to said facts, both of which instruments having been presented to the superior court, the said Hannah Zuker and James M. Zuker were ordered by said court to show cause before it as for contempt, etc. At the latter hearing, no answer by either of the respondents therein having been filed in the proceeding, and no evidence having been introduced or offered by them or by either of them therein or thereat, the superior court made its findings of fact and thereupon adjudged each of said respondents guilty of contempt of said court, pronounced its judgment and made its order of commitment thereon, to the effect that as to one specification only of contempt the respondent Hannah Zuker be confined in the county jail in the custody of the sheriff of Los Angeles County for a period of five days thence next to ensue, and in addition thereto, that she pay a fine of $500, etc.; and that as to each of four separate specifications of contempt, including that with respect to his failure to produce certain books and records, the respondent James M. Zuker likewise be confined in the county jail in the custody of said sheriff for a period of five days, and that in addition thereto, he pay a fine of $250, etc.;— the several jail sentences ''to run consecutively''. Thereafter, in pursuance of the separate application of each of said respondents to this court therefor, a writ of *habeas corpus* was issued in the premises.

As compelling reasons for an order or judgment by this court by which the invalidity of the respective orders of commitment by the superior court should be adjudged, it is urged by each of said petitioners that neither the affidavit of the attorney who represented the judgment creditor, nor the certificate by the referee, nor even the findings of fact by the superior court was or were sufficient as a matter of law to form a basis for the order or judgment that was pro-

nounced or rendered by said court. In other words, that since nowhere, either within any of the foundational documents, or within the order constituting the commitment, does either the exact alleged contempt appear,—neither the physical personal restraint of petitioners or either of them by said sheriff, nor the money judgment rendered against them or either of them, is legal. In that connection, it is confidently asserted by petitioners that the most that is contained within all or either of the several basic documents is a general statement or summary of the facts; likewise, that nowhere is any suffiicent *showing* made regarding the materiality of such facts to the ''issues'', if any, that were pertinent to the inquiry or hearing of the proceedings supplementary to the execution of the judgment before the referee at the time when the alleged several contempts were committed. In that regard, as to petitioner Hannah Zuker, an examination of the affidavit of the attorney who represented the judgment creditor at such hearing discloses that, instead of incorporating within the affidavit the precise questions propounded to the petitioner and the precise respective answers made thereto, the affiant contented himself with the statement contained in his affidavit that, ''A true transcript of the testimony given by all of the aforesaid witnesses in said proceedings, including the questions, admissions and objections of counsel, the rulings and orders of the referee, are fully set forth and appear in Exhibit 'A', hereto attached, and which is by reference thereto made a part hereof''; which transcript consists of five volumes of testimony. In addition to that statement and reference, the specification by affiant of the respect in which petitioner Hannah Zuker was alleged to have testified falsely consisted solely in his several conclusions as to the substance and the effect of her testimony;—all of which was coupled with a statement by the affiant regarding the alleged materiality ''to the issues . . . in that if testified to truthfully by said witness, it would have tended to establish the following *facts:*'' (setting them forth).

As to petitioner James M. Zuker, with regard to each of two counts on which he was committed, said affidavit contained the general statement only that, ''The aforesaid James M. Zuker wilfully testified falsely in said proceedings relative to facts material to the issues then pending before the referee, in that he repeatedly stated, in answer to questions that

were obviously within his knowledge, and to which he could have given a definite answer, that he 'did not know', or 'could not remember'." But as affecting his alleged contempt in other particulars, in substance, the affidavit was identical in form with that hereinbefore outlined with regard to the alleged contempt of Hannah Zuker.

Nor with respect to the respective recitals or summaries regarding the testimony given by said respondents in the certificate of the referee were the essential foundational elements of the alleged contempt of either of the respondents in said proceeding made more definite. The statements therein contained were to the effect that each of the said respondents "testified as set forth in the affidavit of Amos Friedman" (the attorney for the judgment creditor). The said certificate of the referee also contained a statement to the effect that the testimony given by each of said witnesses was false "within the judicial knowledge of your referee"; furthermore, that petitioner James M. Zuker had failed to comply with the order given him by the said referee "to produce therein, the Minute Book and Stock Certificate Book of Ashmont Holding Co., Inc." But nowhere within the said certificate of the referee was any statement contained whereby the materiality of either the alleged false testimony of the respondents, or the books in question, might be ascertained. Indeed, no reference was made therein regarding their materiality. In addition thereto, it is noted that as to the material findings of fact made by the judge of the superior court, in substance, they are identical with the allegations of the affidavit and the certificate, and that in no respect are such allegations made more definite or certain than those contained in the said affidavit and the said certificate; and as to the commitment, with reference to the essential foundational facts, all it contains is a reference to the findings of fact made by the said court and its conclusions thereon, to the effect that the said respondents were guilty of contempt of court, etc., and that in punishment therefor they should be respectively dealt with as hereinbefore has been indicated.

With reference to the basis upon which a commitment for contempt of court may legally rest, section 1211 of the Code of Civil Procedure provides that:

"When a contempt is committed in the immediate view and presence of the court, or of the judge or justice at chambers,

it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.

''When the contempt is not committed in the immediate view and presence of the court, or of the judge or justice at chambers, an affidavit shall be presented to the court, judge, or justice, of the facts constituting the contempt, or a statement of the facts by the referee or arbitrators, or other judicial officers.''

In that connection, in the case entitled *In re Battelle*, 207 Cal. 227 [277 Pac. 725, 65 A. L. R. 1497], in which the respondent therein was charged with the commission of a direct contempt, it was held that (syllabus) :

''A witness before a court or any other inquisitorial body who is otherwise orderly and respectful cannot be adjudged guilty of contempt committed in the presence of such tribunal for his failure or refusal to answer any question or to produce any record, book or paper, in the absence from the order so adjudging him guilty of contempt of an express recital of the facts affirmatively showing not only the precise question which he has declined to answer, or the precisely specified books or papers which he has refused to produce, but also affirmatively setting forth the facts which show the materiality and pertinency of each of these forms of evidence to the issue before the court or other tribunal.

''Where the order and adjudication of contempt which the senate purported to adopt and enforce against petitioner did not contain a recital of the particular questions that petitioner refused to answer or the particular books or papers which he refused to produce, the fact that the order made 'reference' to the transcript of the testimony taken before the committee did not satisfy the requirement of section 1211 of the Code of Civil Procedure with respect to what the recitals in said order must contain.''

In the instant matter, although it may be that, as asserted by the respondent herein, the alleged contempt of the petitioners was not direct, but that it was constructive only, nevertheless, even assuming (without deciding) the correctness of that contention, as far as the statutory requirements mentioned in section 1211 of the Code of Civil Procedure are

concerned, no substantial difference is apparent between the situation that was presented in the cited case and that of the instant matter. As therein is set forth, in the case of a direct contempt "an order must be made *reciting the facts"*; whereas, in the case of a so-called constructive contempt an "affidavit . . . or a *statement of the facts* . . . " is required to be presented to the court. As applied to the present inquiry, the ruling and the language of the opinion in *In re Battelle,* 207 Cal. 227, 255 [277 Pac. 725, 65 A. L. R. 1497], to which reference hereinbefore has been had, are particularly pertinent. In the face of the facts established herein, to wit, that neither the affidavit, the certificate, the findings by the superior court, nor the commitment, complied with either or any of the requirements mentioned in the cited case, it must be concluded that the petitioners are, and each of them is, illegally detained and deprived of his or her respective liberty by the sheriff of Los Angeles County.

Although for the purpose of having each of the commitments in the premises declared of no validity, petitioners urge several other separate points, it is deemed unnecessary to devote to them the consideration which, in the absence of the ruling hereinbefore indicated, they or at least some of them might well be given.

It is ordered that the petitioners herein be discharged from custody; and that the orders or the judgments heretofore made or rendered, by which each of the petitioners herein was adjudged to be guilty of contempt of court, be, and they are, hereby declared to be null and void.

York, J., and Doran, J., concurred.