[Crim. No. 4752. In Bank. Nov. 1, 1946.]

In re CASSIUS M. WELLS, on Habeas Corpus.

N. Lindsay South and James C. Janjigian for Petitioner.

James M. Thuesen, District Attorney (Fresno), and Robert M. Wash, Deputy District Attorney, for Respondent.

SCHAUER, J.—Petitioner Cassius M. Wells stands committed to the Fresno County Jail upon one judgment for two asserted contempts of court: a constructive contempt, violation of a restraining order; and a direct contempt, refusal to answer questions at the hearing on the charge of constructive contempt. He seeks release upon a writ of habeas corpus. We have concluded that, regardless of the merits of the controversy otherwise, the judgment under which he is imprisoned is void and, hence, that he is entitled to release.

As shown by the return of the sheriff to the writ, the basis of petitioner's confinement is the following judgment and commitment:

"Cassius M. Wells, the defendant in the above entitled action, having appeared in Department 4 of the above-entitled Court on the 22nd day of August, 1946, then and there to show cause, if any he had, why he should not be punished for contempt for violation of the restraining order heretofore issued by this Court and said defendant, Cassius M. Wells, having been found guilty of contempt for removing the money from the bank, in violation of the restraining order and for refusing to answer questions concerning the whereabouts of certain funds withdrawn from the bank in violation of the restraining order heretofore issued by this Court, and said matter being continued till August 26, 1946, for passing sentence.

"Now THEREFORE, IT IS ORDERED that said Cassius M. Wells be, and he is hereby adjudged to be in contempt of this Court, and that he be confined in the Fresno County Jail until he purges himself of said contempt. It is further ordered that said defendant be and he is hereby remanded to the Sheriff of Fresno County until he obeys said order of this Court."

The adjudication that petitioner is in contempt "for refusing to answer questions" (the direct contempt) is fatally defective because the exact questions are not recited. Section 1211 of the Code of Civil Procedure requires that, in adjudging a person guilty of a contempt "committed in the immediate view and presence of the court, . . . an order must be made, reciting the facts as occurring in such immediate view and presence. . . ." It is the general rule in this state that "This requirement [that the order recite the facts constituting the contempt] is jurisdictional, and an order which assumes to punish summarily a direct contempt of court is void unless it shows on its face acts sufficient to constitute a legal contempt. The order must contain a statement of facts equivalent to those which the law says must be incorporated in an affidavit for constructive contempt and such facts must prove the contempt. Mere conclusions are not sufficient. In such cases the rule that mere presumptions and intendments are to be indulged in support of ordinary judgments does not apply." (5 Cal.Jur. 950-951, quoted with approval in *In re Battelle* (1929), 207 Cal. 227, 255 [277 P. 725, 65 A.L.R. 1497].) Among the particular applications of this rule are

cases which hold that "a witness before a court or other inquisitorial body who is otherwise orderly and respectful cannot be adjudged guilty of contempt committed in the presence of such tribunal for his failure or refusal to answer any question . . . in the absence from the order so adjudging him to be guilty of contempt of an express recital of facts affirmatively showing not only the precise questions which he has declined to answer . . . but also affirmatively setting forth the facts which show the materiality and pertinency of . . . [the] evidence to the issue before the court or other tribunal." (*In re Battelle* (1929), *supra,* pp. 255-256 of 207 Cal., and cases there cited; *In re Zuker* (1936), 13 Cal.App.2d 427, 431 [56 P.2d 1261].)

■ Upon another ground the judgment of contempt here is void in its entirety. It purports to confine the petitioner "until he purges himself of said contempt," but it does not comply with section 1219 of the Code of Civil Procedure, which section governs commitments of that nature. That section provides, "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he have performed it, and in that case the act must be specified in the warrant of commitment." Here the judgment (which constitutes the "warrant of commitment") does not specify the act or acts by which petitioner is to purge himself of contempt. The questions which he must answer are not recited. He is "remanded to the Sheriff . . . until he obeys said order of this Court." It is not stated that petitioner must restore any funds to any bank account. If it was intended to prescribe such a condition the commitment would have to so specify. Furthermore, the judgment must not only specify the act to be performed; it must also include a finding that such act is within the power of the contemner to perform. Otherwise it is void. (5 Cal.Jur. 952 and cases there cited; *Ex parte Silvia* (1899), 123 Cal. 293, 294 [55 P. 988, 69 Am.St. Rep. 58]; *Myers* v. *Superior Court* (1920), 46 Cal.App. 206, 209 [189 P. 109].)

Since the judgment of contempt is void for failure to conform to the above stated requirements, other contentions of petitioner need not be discussed.

The writ is sustained and petitioner is discharged.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.