[Crim. No. 5116.   In Bank.   June 30, 1950.]

In re JOHN A. VALLINDRAS on Habeas Corpus.

G. C. Ringole and Allan L. Sapiro for Petitioner.

Raymond D. Williamson and Vincent Mullens for Respondent.

EDMONDS, J.—In an action for divorce, John A. Vallindras was ordered to pay certain amounts for the support of his wife and children and $100 as attorney's fee. Upon an affidavit of his wife, alleging that he had not complied with these requirements, an order to show cause issued. Following several hearings, Vallindras was committed to the county jail. The present proceeding in habeas corpus was brought to obtain his release from that imprisonment.

At the hearing before this court, the Sheriff of the City and County of San Francisco produced an original order, dated April 10, signed by a judge of the superior court, reciting that Vallindras, "having been heretofore adjudged guilty of contempt . . . and ordered to pay $250.00 by this date and said sum not being paid, and the said defendant having admitted that he was in default of the order of said Court heretofore made herein, and the Court having found the said defendant to be in contempt for his wilful failure to pay alimony, and support money for the maintenance of the minor child(ren) of the parties hereto, accruing to the date of the making of plaintiff's affidavit for Order to Show Cause in re contempt, in the amount of _____ and the Court further finding that defendant had and has the ability to pay the said sum as aforesaid and to purge himself of said contempt by complying with said order(s), . . . and this Court having on the 10 day of April, 1950, by its order then duly entered, adjudged and decreed that the said plaintiff, John A. Vallindras, was guilty of contempt of said Court in his wilful refusal and failure to comply with the said order(s) of the Court, he having the ability and means to comply therewith, did order that the said defendant, John A. Vallindras, be punished for his said contempt by imprisonment in the County Jail of the City and County of San Francisco, there to remain until such time as he shall comply with the decree and order of this Court to pay to the said plaintiff the sum of _____ as aforesaid,

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff, John A. Vallindras, is in contempt of this Court, and the Sheriff of the City and County of San Francisco is hereby ordered to take said defendant into custody . . . to be imprisoned in the County Jail of the said City and County of San Francisco until the sum of _____ shall have been paid. . . ."

Counsel agree that neither this order, nor a similar

one dated March 29, upon which Vallindras was imprisoned and later released, was filed with the clerk of the superior court as required by section 668 of the Code of Civil Procedure. But regardless of the court's failure to file these judgments and other deficiencies in the procedure leading to the imprisonment of Vallindras, the order of April 10th does not meet the law's requirements. It declares that he shall be punished for his contempt by imprisonment in the county jail until he has paid to his wife "the sum of _____." The sheriff is ordered to take Vallindras into custody to be imprisoned "until the sum of _____ shall have been paid." However, the order fixes no amount which Vallindras must pay to purge him from contempt and secure his release.

Section 1219 of the Code of Civil Procedure provides that when a person is to be imprisoned until such time as he shall perform a certain act, ". . . the act must be specified in the warrant of commitment." As in the case of *In re Wells*, 29 Cal.2d 200 [173 P.2d 811], the order upon which Vallindras is held by the sheriff does not meet this statutory mandate.

The petitioner is discharged.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.