[S. F. No. 18869.   In Bank.   Jan. 22, 1954.]

JOHN A. VALLINDRAS, Appellant, v. MASSACHUSETTS
 BONDING AND INSURANCE COMPANY (a Cor-
 poration) et al., Respondents.

Allan L. Sapiro, Warren M. Sapiro and Arthur N. Ziegler for Appellant.

Raymond D. Williamson for Respondents.

Dinkelspiel & Dinkelspiel and Robert Drewes, as Amici Curiae on behalf of Respondents,

THE COURT.—Plaintiff appeals from a judgment for defendants after general demurrers to his amended complaint were sustained without leave to amend. The complaint attempts to state a cause of action for damages for false imprisonment against Sheriff Daniel C. Murphy and his surety. It alleges that the defendant sheriff ''did unlawfully imprison plaintiff in the County Jail.'' It specifies that in April, 1950, the sheriff imprisoned plaintiff under an order of the superior court adjudging him guilty of contempt for wilful failure to pay attorney's fees and support money to his wife in a pending divorce action; a copy of the order is attached to the complaint and made a part thereof. The complaint further avers that the contempt order was ''void upon its face''; that on application to this court plaintiff was discharged from such imprisonment by writ of habeas corpus (*In re Vallindras* (1950), 35 Cal.2d 594 [220 P.2d 1]); and that as a result of his imprisonment he sustained certain damages. The complaint does not negative any of the facts upon which the order of commitment was based. We have concluded that the facts alleged in the amended complaint do not, and it appears therefrom that plaintiff cannot, state a cause of action for false imprisonment.

The allegations that the order of commitment was ''void upon its face'' and that the sheriff ''did unlawfully imprison plaintiff'' are conclusions of law and add nothing to the substantive averments of the complaint. (*Foerst* v. *Hobro* (1932), 125 Cal.App. 476, 478 [13 P.2d 1055]; *Barrier* v. *Alexander* (1950), 100 Cal.App.2d 497, 500 [224 P.2d 436].)

It is plaintiff's theory that our holding in the habeas corpus proceeding (*In re Vallindras* (1950), *supra,* 35 Cal.2d 594, 596), that he was entitled to be released because ''regardless of the court's failure to file [with the clerk] these judgments [the orders adjudicating contempt] and other deficiencies in the procedure leading to the imprisonment of Vallindras, the order of April 10th does not meet the law's requirements,'' establishes as a matter of law that his arrest and detention were unlawful not only as being vulnerable to the attack on habeas corpus but also as establishing civil liability of the sheriff in this damage action. But this theory is not tenable.

From time immemorial our law has recognized differences between criminal proceedings and civil proceedings. The fact that a man is held to be entitled to release on habeas corpus does not mean that his custodian must answer in

damages for the previous detention. ■ Generally speaking, the right to release from custody is determined by the rules of criminal law while the right to recover damages for false imprisonment depends on the rules of civil law. By the light of the civil law, therefore, we must examine the factual allegations of the complaint to ascertain whether the sheriff was justified in imprisoning plaintiff pursuant to the order of the superior court and prior to the ruling of this court.

The order in question clearly directed the officer to imprison plaintiff, and it bore on its face the signature of a judge of a court of competent jurisdiction. The order, according to the copy thereof attached to the complaint, recited that on April 10, 1950, the date of the hearing and the order, Vallindras and his counsel were present in court, that he had been theretofore adjudged guilty of contempt "and ordered to pay the sum of $250.00 by this date," and "said sum not being paid, and the said plaintiff [Vallindras] having admitted that he was in default of the orders of said Court . . . and the Court further finding that plaintiff had and has the ability to pay the said sum as aforesaid and to purge himself of said contempt by complying with said orders, . . . and this Court having on the 10th day of April, 1950, by its order then duly entered, adjudged and decreed" Vallindras to be guilty of contempt for his "wilful refusal and failure to comply with the said order of this Court, he having the ability and means to comply therewith," the court "did order that . . . Vallindras, be punished for his said contempt by imprisonment in the County Jail . . . until such time as he shall comply with the decree and order of this Court to pay to the said defendant the sum of _____ as aforesaid." The adjudicating and committing portion of the order follows, in this language: "Now, THEREFORE, . . . the Sheriff of the City and County of San Francisco is hereby ordered to take said defendant [plaintiff] into custody . . . to be imprisoned in the County Jail . . . until the sum of _____ shall have been paid, or until he be otherwise discharged according to law, and until further order of this Court in the premises." By examination of the substance of the entire order, including the recitals as above set forth, it is apparent that the act required of Vallindras, the performance of which would end the term of his imprisonment, was intended to be the payment of the sum of $250 which was mentioned in the recitals. That sum, however, was omitted

from the portion of the order following the "Now, THERE-FORE," which purports to state the specific adjudication, the term of commitment, and the act required to be performed.

In the habeas corpus proceeding, applying the strict standards which protect those charged with contempt of court,[1] we examined the order of April 10 in its entirety and, after carefully mentioning its recitals, held that the committing portion of the order did "not meet the law's requirements"[2] in that it did not specify the "amount which Vallindras must pay to purge him from contempt and secure his release." But it does not necessarily follow from this holding, based as it is upon the standards of criminal law[3] and contempt commitments, that the sheriff is liable in civil damages for having obeyed the order of the superior court until this court ordered otherwise. The order does specifically direct the sheriff to imprison Vallindras until the further order of the court; it specifies, "Now, THEREFORE, . . . the Sheriff . . . is hereby ordered to take said defendant [plaintiff] into custody . . . to be imprisoned in the County Jail"; and it was issued by a court of competent jurisdiction. The only inadequacy or uncertainty relates to the specification of the act by which the prisoner could purge himself of contempt and become entitled to his release.

Section 262.1 of the Code of Civil Procedure (formerly Pol. Code, § 4168) provides, "A sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." And section 43.5(a) of the Civil Code provides, "There shall be no liability on the part of and no cause of action shall arise against any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if such peace officer in making

[1] In California all contempt proceedings are said to be criminal in nature and those procedural rights and safeguards which are appropriate to criminal contempt proceedings are also accorded the contemnor in civil contempt proceedings. (*City of Culver City* v *Superior Court* (1952), 38 Cal.2d 535, 541 [241 P.2d 258].)

[2] Section 1219 of the Code of Civil Procedure provides that "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he have performed it, and in that case *the act must be specified in the warrant of commitment.*" (Italics added.)

[3] *Cf. In re Basuino* (1943), 22 Cal.2d 247, 250-252 [138 P.2d 297], not a contempt commitment.

the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant.''

■ The validity of a judgment of commitment, where the question is a close one, as is true here, is ultimately for the courts, not the sheriff, to decide. ■ A sheriff is a ministerial or executive, not a judicial, officer (*Merrill* v. *Gorham* (1856), 6 Cal. 41, 42; *People ex rel. Attorney-General* v. *Squires* (1859), 14 Cal. 12, 16; *First Nat. Bank* v. *McCoy* (1931), 112 Cal.App. 665, 670, 671 [297 P. 571]; *Sparks* v. *Buckner* (1936), 14 Cal.App.2d 213, 220 [57 P.2d 1395]).

■ It is his duty to execute the orders of the court unless they are patently irregular and void. ■ In determining whether process and orders are ''regular on their face'' so far as the liability of such an officer is concerned, the following statement from *Aetna Ins. Co.* v. *Blumenthal* (1943), 129 Conn. 545, 553 [29 A.2d 751, 754] is pertinent: ''When we speak of process 'valid on its face,' in considering whether it is sufficient to protect an officer, we do not mean that its validity is to be determined upon the basis of scrutiny by a trained legal mind; nor is it to be judged in the light of facts outside its provisions which the officer may know. [Citations.] Unless there is a clear absence of jurisdiction on the part of the court or magistrate issuing the process, it is sufficient if upon its face it appears to be valid in the judgment of an ordinarily intelligent and informed layman. To hold otherwise would mean that an officer must often act at his peril or delay until he has had an opportunity to search out legal niceties of procedure and, as said in *Anderson* v. *Dewey* [(1917), 91 Conn. 510, 514 [100 A. 99]] . . . , 'A result subjecting him to constant danger of liability would be an intolerable hardship to him, and inevitably detract from the prompt and efficient performance of his public duty.' ''

■ As was pointed out in *Robinette* v. *Price* (1943), 214 Minn. 521 [8 N.W.2d 800, 805, 806], ''All that is required to make process fair on its face is that it must proceed from a court having jurisdiction of the subject matter and that it contain nothing which ought reasonably to apprise the officer that it was issued without authority. [Citations.] . . .

■ ''It is not necessary that the process under which a sheriff acts should show jurisdiction of the person to afford him protection and justification for his acts in executing it. [Citations.] . . .'' (See, also, *Brinkman* v. *Drolesbaugh*

(1918), 97 Ohio St. 171 [119 N.E. 451, 453, L.R.A. 1918F 1132].)

Plaintiff insists that it cannot now be said that there was a close question as to the regularity of the contempt order because the habeas corpus decision established that that order was altogether void. He lays stress upon *In re Wells* (1946), 29 Cal.2d 200, 202 [173 P.2d 811], where a petitioner was released upon habeas corpus because the judgment of contempt under which he was held was described as "void in its entirety" for its complete failure to specify the act or acts which he was required to do in order to purge himself of contempt. The order there in its recitals or otherwise, unlike the order here, did not suggest or make ascertainable what act was required of the petitioner. It recited that petitioner had been "found guilty of contempt for removing the money from the bank, in violation of the restraining order and for refusing to answer questions concerning the whereabouts of certain funds withdrawn from the bank," and ordered that petitioner be imprisoned "until he purges himself of said contempt." The identity of "the bank," the requirements of "the restraining order," the amount of "the money," and the nature of the "questions" were not disclosed, nor was it stated what the petitioner should do to purge himself of contempt. Manifestly petitioner there, even by the most careful scrutiny, could not ascertain inferentially or otherwise from the contempt commitment itself, in what his contempt consisted. The Wells case, therefore, although relevant to the issue on habeas corpus (the effect of noncompliance with Code Civ. Proc., § 1219) is not authority for plaintiff's civil claims.

■■ As already indicated, it is proper to recognize one standard for obtaining relief from imprisonment for contempt by the use of habeas corpus or certiorari and another standard for obtaining damages from the ministerial officer in a civil suit. It may be said that the situation is similar to that in *Levy* v. *Melody* (1906), 50 Misc. 509 [99 N.Y.S. 153, 155], where the court said, "A judgment may be void as to the parties and valid to protect ministerial officers, when the court issuing it had jurisdiction of the subject-matter, and nothing appears on the face of the process to apprise the officer that the court had not jurisdiction also of the person. [Citations.]" ■■ ■■ Or it may be said that on the one hand when contempt proceedings, criminal in their nature, are reviewed by habeas corpus or certiorari and the limited jurisdiction of the court to punish for contempt is

brought into question, the presumptions indulged in support of ordinary judgments do not apply and the judgment is strictly construed in favor of the accused (*Raiden* v. *Superior Court* (1949), 34 Cal.2d 83, 86 [206 P.2d 1081]; *In re Wells* (1946), *supra*, 29 Cal.2d 200, 201), whereas, as previously indicated, a sheriff, when he receives an order directing him to imprison a person for contempt, while obliged to use reasonable diligence to perform the duties of his office in a lawful manner, is not bound at his peril to anticipate that a court higher than the one which made the order will not uphold its validity. We hold that the order here, for purposes of civil liability, was regular on its face.

Further legal questions, involving the survivability of this action, have been briefed because of the facts that after the appeal herein was taken Sheriff Murphy died and his administrator was substituted as a defendant. Because of our conclusion that no cause of action is or can be stated, it is unnecessary to consider these further problems.

For the reasons above stated the judgment is affirmed.

SHENK, J.—I dissent.

I am unable to concur in the light of the following undisputed facts: In 1950 this plaintiff was in the county jail under the identical order of commitment here involved. He applied to this court for release on habeas corpus on the ground that the order was void in that it failed to comply with section 1219 of the Code of Civil Procedure. This court held in accordance with his contention, namely, that the order was not regular on its face, was therefore void, and we ordered his release. (*In re Vallindras*, 35 Cal.2d 594 [220 P.2d 1].) Thereafter, he brought this action for damages for false imprisonment, again alleging that the same order was and is void, basing his cause of action on the determination of this court to that effect. This court now holds that this order is regular on its face for the purposes of an action for damages for false imprisonment.

In an almost identical situation, Mr. Justice Schauer stated for this court in *In re Wells* (1946), 29 Cal.2d 200 [173 P.2d 811], that an order which failed to comply with the requirements of section 1219 of the Code of Civil Procedure is "void in its entirety." This court in the former Vallindras case on habeas corpus relied on the determination in the Wells case.

Section 262.1 of the Code of Civil Procedure provides: "A sheriff or other ministerial officer is justified in the execution of, and shall execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued." Civil Code section 43.5(a) provides: "There shall be no liability on the part of and no cause of action shall arise against any peace officer who makes an arrest pursuant to a warrant of arrest regular on its face. . . ." These sections protect a sheriff or peace officer only when the warrant or order under which he is acting is "regular on its face."

Section 1219 of the Code of Civil Procedure is addressed not only to the courts but to those executing conditional warrants of commitment under it as ordered by the courts. The sheriff is chargeable with knowledge of what constitutes a valid order. (*Rogers* v. *The Marshal,* 1 Wall. (U.S.) 644, 650-651 [17 L.Ed. 714]; *People* v. *O'Brien,* 96 Cal. 171, 176 [31 P. 45]; *Rhodes* v. *Sargent,* 17 Cal.App. 54, 57-58 [118 P. 727]; Storey's Equity Jurisprudence (14th ed.) § 173.) The order under which Vallindras was imprisoned was void by final determination of this court and the sheriff is not protected in acting under it.

Carter, J., concurred.

Appellant's petition for a rehearing was denied February 17, 1954. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.