**Jerome Leslie CLEMMONS, an individual, on behalf and as class representative, Plaintiff—Appellee,**

**v.**

**CITY OF LONG BEACH, a municipal corporation, Defendant,**

**and**

**County Of Los Angeles; Los Angeles County Sheriffs Department, a local public entity, Defendants—Appellants.**

**No. 06–56676.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed June 19, 2008.

Donald W. Cook, Mann & Cook, Los Angeles, CA, for Plaintiff–Appellee.

Belinda R. Mayes, Long Beach City Attorney's Office, Long Beach, CA, for Defendant.

Scott E. Caron, Lawrence Beach Allen & Choi, PC, Glendale, CA, for Defendant–Appellant.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

**MEMORANDUM***

The County of Los Angeles and the Los Angeles County Sheriff's Department (col-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lectively, the Sheriff) appeal the district court's denial of their motion for summary judgment based upon their claim of governmental immunity under California law. We reverse and remand.

Jerome Leslie Clemmons brought this action [1] against the Sheriff after Clemmons had been held in jail from June 28, 2004 to July 19, 2004, upon an order of the Superior Court of the State of California for the County of Los Angeles.

(1) At the threshold, Clemmons argues that we do not have jurisdiction to hear the Sheriff's appeal pursuant to 28 U.S.C. § 1291, or otherwise.[2] We disagree. Although it is true that, in general, our jurisdiction only extends to hearing direct appeals from final orders, a classic example of the kind of order that is treated as final is an order denying a claim of immunity. *Mitchell v. Forsyth,* 472 U.S. 511, 524–27, 105 S.Ct. 2806, 2814–16, 86 L.Ed.2d 411 (1985); *Armendariz v. Penman,* 75 F.3d 1311, 1316–17 (9th Cir.1996); *see also Scott v. Harris,* —— U.S. ——, —— n. 2, 127 S.Ct. 1769, 1773 n. 2, 167 L.Ed.2d 686 (2007). That applies to assertions of immunity under California state law.

California accords immunity in this genre of cases. *See* Cal.Civ.Proc.Code § 262.1 (hereafter § 262.1); *Vallindras v. Mass. Bonding & Ins. Co.,* 42 Cal.2d 149, 154–55, 265 P.2d 907, 910–11 (1954) (stating there is immunity because " '[a] result subjecting [the officer] to constant danger of liability would be an intolerable hardship to him, and [would] inevitably detract from the prompt and efficient performance of his

public duty.' "); *George v. County of San Luis Obispo,* 78 Cal.App.4th 1048, 1054, 93 Cal.Rptr.2d 595, 599 (2000) (holding if orders are "regular on their face" sheriff is immune.) And the immunity is an immunity from suit. *See Gates v. Superior Court,* 32 Cal.App.4th 481, 509, 38 Cal. Rptr.2d 489, 505–06 (1995); *cf. Richardson–Tunnell v. Sch. Ins. Program for Employees (SIPE),* 157 Cal.App.4th 1056, 1061, 69 Cal.Rptr.3d 176, 180 (2007) (immunity claims are jurisdictional).

(2) Just as § 262.1 supports our determination that we have jurisdiction, it supports the further determination that the Sheriff is entitled to immunity from Clemmons' claim of false imprisonment. That is apparent from the face of the statute. Clemmons argues that the Sheriff had a duty to investigate facts brought to his attention after the Superior Court order issued. However, California law is to the contrary. As the California Supreme Court pointed out in *Vallindras,* it is the duty of the sheriff "to execute the orders of the court unless they are patently irregular and void" [3] and the sheriff is not " 'to be judged in the light of facts outside [the order's] provisions which the [sheriff] may know.' " [4] That view has been consistently followed. *Hayward Lumber & Inv. Co. v. Biscailuz,* 47 Cal.2d 716, 722, 306 P.2d 6, 10 (1957); *Estate of Brooks ex rel. Brooks v. United States,* 197 F.3d 1245, 1248–49 (9th Cir.1999); *Lopez v. City of Oxnard,* 207 Cal.App.3d 1, 11, 254 Cal.Rptr. 556, 561–62 (1989); *Herndon v. County of Marin,* 25 Cal.App.3d 933, 937, 102 Cal.Rptr.

---

1. As relevant here, the action is based upon California law and the Sheriff's claim of immunity is also under California law.

2. It is notable that at an earlier time, the Sheriff asked us for a writ of mandamus and we, through a motions panel, denied that request on the basis that an immediate direct appeal was available.

3. 42 Cal.2d at 154, 265 P.2d at 910.

4. *Id.; cf. Hernandez v. Sheahan,* 455 F.3d 772, 776–777 (7th Cir.2006) (holding that where a sheriff is told to hold a particular person, he is not liable for doing so).

221, 223 (1972), *overruled on other grounds by Sullivan v. County of Los Angeles,* 12 Cal.3d 710, 722 n. 10, 117 Cal.Rptr. 241, 248 n. 10, 527 P.2d 865, 872 n. 10 (1974). In fact, when the sheriff has failed to obey a court order, liability has followed. *See Sullivan,* 12 Cal.3d at 714, 722, 117 Cal.Rptr. at 242–43, 248, 527 P.2d at 866–67, 872; *Shakespeare v. City of Pasadena,* 230 Cal.App.2d 375, 383–84, 40 Cal.Rptr. 863, 868–69 (1964); *cf. Whirl v. Kern,* 407 F.2d 781, 785, 791 (5th Cir.1969). And, of course, cases where an officer picked up the wrong person on a warrant are not apposite. *See Miller v. Fano,* 134 Cal. 103, 109, 66 P. 183, 185 (1901); *Smith v. Madruga,* 193 Cal.App.2d 543, 547–48, 14 Cal.Rptr. 389, 391 (1961). Thus, the Sheriff is immune pursuant to § 262.1.[5]

(3) Clemmons finally asserts that because he founds his claim in part on California Constitution art. I, § 13, which precludes illegal seizures of persons,[6] statutory immunity cannot apply. Suffice it to say that no California court has so held, and we do not predict that the courts of California *will* do so. Whether the California Supreme Court will ultimately decide that there are tort claims founded on the California Constitution alone is problematic. *See Katzberg v. Regents of the Univ. of Cal.,* 29 Cal.4th 300, 303, 317–18, 329, 127 Cal.Rptr.2d 482, 483–84, 495–96, 504–05, 58 P.3d 339, 340, 350, 358 (2002). But even if a constitutionally based tort was discovered, that is far from saying that the statutory immunities would not apply. The California Supreme Court has rejected claims that

immunities were not available in particular cases brought before it. *See Jacob B. v. County of Shasta,* 40 Cal.4th 948, 961, 56 Cal.Rptr.3d 477, 487, 154 P.3d 1003, 1011–12 (2007) (right of privacy); *Customer Co. v. City of Sacramento,* 10 Cal.4th 368, 391, 41 Cal.Rptr.2d 658, 673–74, 895 P.2d 900, 915 (1995) (condemnation claims). While the California Supreme Court has suggested that if a California statutory privilege or immunity conflicted with the California Constitution, the latter would prevail,[7] it has never held that a tort claim is both founded upon that constitution and free from all immunity constraints. We doubt that the court would so hold in the search and seizure area.

In fine, the district court erred when it denied immunity to the Sheriff on Clemmons' claims under California law.

REVERSED and REMANDED.

PREGERSON, Circuit Judge, dissenting:

For twenty-three days, the sheriff did not trouble himself to take Jerome Clemmons's complaint seriously. The California Supreme Court has recognized that the sheriff must exercise reasonable diligence when carrying out a court order. *See Vallindras v. Mass. Bonding & Ins. Co.,* 42 Cal.2d 149, 156, 265 P.2d 907 (1954). Even an "ordinarily intelligent and informed layman," *id.* at 154, 265 P.2d 907, could see that Jerome Clemmons was being detained pursuant to an order naming

---

**5.** The Sheriff also claims immunity under California Government Code § 821.6. Plainly, he is not entitled to it. *See Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1048, 55 Cal.Rptr.3d 158, 171 (2007); *Sullivan,* 12 Cal.3d at 722, 117 Cal.Rptr. at 248, 527 P.2d at 872; *see also Robinson v. Solano County,* 278 F.3d 1007, 1016 (9th Cir.2002) (en banc).

**6.** The California Constitutional provision is the functional equivalent of the Fourth Amendment to the United States Constitution.

**7.** *See Jacob B.,* 40 Cal.4th at 961, 56 Cal. Rptr.3d at 487, 154 P.3d at 1011.

a different person: James Clemmons. I dissent.