[Crim. No. 4775. In Bank. Feb. 5, 1948.]

In re RAY DAVIS, on Habeas Corpus.

Clarence E. Todd, Henry C. Todd and Gordon W. Mallatratt for Petitioner.

Geary & Tauzer, C. J. Tauzer, Charles J. McGoldrick, District Attorney (Sonoma), and A. Dal Thomson for Respondent.

CARTER, J.—Petitioner in this case was found guilty of violating the preliminary injunction from which the appeal was taken in *Northwestern Pacific Railroad Co.* v. *Lumber & Sawmill Workers' Union, ante,* p. 441 [189 P.2d 277], and punishment for contempt was imposed. The alleged violation by petitioner of the injunction occurred in Humboldt County in the northern part of this state. The picketing forming the foundation of the preliminary injunction occurred in Sonoma County.

All questions of the validity of the preliminary injunction have been resolved against petitioner in *Northwestern Pacific Railroad Co.* v. *Lumber & Sawmill Workers' Union, supra.* Petitioner makes additional contentions in this proceeding.

 He asserts that his action in violating the preliminary injunction was justified by reason of his alleged right to rely upon an order of the Superior Court of Humboldt County denying an application for a preliminary injunction in an action substantially the same as the Sonoma County action involved in *Northwestern Pacific Railroad Co.* v. *Lumber & Sawmill Workers' Union, supra.* After denial of the application in the Humboldt County action plaintiff appealed, but it dismissed the appeal and the action. Under these circumstances there is plainly no final judgment on the merits. Hence the action of the Humboldt County court is of no avail to petitioner.

 Petitioner asserts that the affidavit forming the basis for the contempt citation was insufficient and hence the judgment of contempt is invalid. It is true, as pointed out by petitioner, that for the court to have jurisdiction of a contempt proceeding where the contempt is committed outside its immediate view and presence the affidavit forming the basis for the proceeding must sufficiently charge the alleged acts constituting the contempt, and a lack of essential facts cannot "be cured by proof upon the hearing." (*Phillips* v. *Superior Court,* 22 Cal.2d 256 [138 P.2d 838].) Here the affidavit charged that on November 21, 1946, in Humboldt County, plaintiff's (Northwestern Pacific Railroad Company, plaintiff in the injunction action) train crew was operating a train carrying products of the lumber companies involved in the labor dispute (see *Northwestern Pacific Railroad Co.* v. *Lumber & Sawmill Workers' Union, supra*) in performance of its duties as a common carrier; that petitioner and others picketed upon and across the main line of plaintiff, the pickets

carrying banners; that at about 11:40 a. m. the train crew refused to take the train through the picket line; that at 11:50 a. m. a copy of the preliminary injunction was served upon him. It appears to be petitioner's contention that there are no facts alleged showing a violation of the injunction after it was served on him. We cannot agree. It is alleged that petitioner and others picketed plaintiff's main line after 11:40 a. m. and continuously thereafter "up to and including the hour of 2:10 p. m., at least, thereby continuing to hinder, delay, interfere with and obstruct the operation of said trains of the plaintiff, and the forwarding, shipping, delivering and handling of freight by said plaintiff." While it does not appear whether the train crews were again ordered to take the train through the picket line after the injunction was served, the last above-quoted portion of the affidavit shows that the movements of the trains were delayed and hindered. That statement is not a conclusion. It is one of fact. Hence the affidavit is sufficient.

The writ heretofore issued is discharged and petitioner is remanded to custody.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J. concurred.

Petitioner's application for a rehearing was denied March 4, 1948.