[Crim. No. 4510. Second Dist., Div. One. Aug. 30, 1950.]

In re GEORGE H. McLAIN, on Habeas Corpus.

Kenny & Morris for Petitioner.

William E. Simpson, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

Miller & Kroloff, Nat Brown, Jr., Jack J. Miller, J. D. Strauss, A. C. Morrison and Owen K. Kuns for Senate Interim Committee on Social Welfare, Real Party in Interest.

THE COURT.—During the 1949 session of the California Legislature a committee named "The Senate Interim Committee on Social Welfare" was created by Senate resolution.

Pursuant to its powers of investigation, the committee served upon Citizens Committee for Old Age Pensions, a corporation, and George H. McLain, as chairman of its board of trustees, a subpoena *duces tecum*, calling for the production of the following books, papers, and documents:

(1) For the period January 1, 1948, to date the book or ledger in which is entered the funds received by the Citizens Committee for Old Age Pensions.

(2) For the period January 1, 1948, to date the columnar journal in which all checks and disbursements of the Citizens Committee for Old Age Pensions were listed.

(3) For the period January 1, 1948, to date all books and ledgers containing the data which the above described books and ledgers contained; if the above books and ledgers have been replaced by others, due to change in accounting procedures or for any other cause.

(4) All vouchers supporting expenditures from the petty cash fund or cash imprest fund of the Citizens Committee for Old Age Pensions for the period January 1, 1948, to date.

(5) The minutes of the meetings of the Board of Directors of the Citizens Committee for Old Age Pensions for the period from January 1, 1948, to date.

Mr. McLain appeared before the committee, in response to the subpoena; but refused, on advice of counsel, to answer questions or to produce the records called for.

Upon representation to the superior court by counsel for the committee, an order was made directing Mr. McLain to produce the records. (Gov. Code, § 9408.) In this order the records are described as stated in this opinion, but no statement is made as to their materiality or pertinency. Section 9405 of the Government Code declares a contempt to refuse to produce under subpoena any *material* and proper books, papers and documents. (Emphasis added.)

Mr. McLain again appeared before the committee and again refused to produce the records.

Thereupon an affidavit was filed in the superior court, setting forth the facts above stated, and praying that Mr. McLain be adjudged guilty of contempt. This affidavit makes the following averments with respect to materiality and pertinency of the records:

"That, based upon evidence in its possession, the said Senate Interim Committee has determined that each of the books, papers, and documents specified in said subpena *duces tecum* is material to the matters now under investigation by the said Senate Interim Committee, and the production of such books, papers and documents is necessary in order to enable said Senate Interim Committee properly to perform the duties imposed upon it and to report to the Senate of

the State of California pursuant to said Senate Resolution No. 162.

"That each of the books, papers and documents specified in said subpena *duces tecum* is material to the matters now under investigation by the said Senate Interim Committee and that the production of such books, papers and documents is necessary in order to enable said Senate Interim Committee properly to perform the duties imposed upon it and to report to the Senate of the State of California pursuant to said Senate Resolution No. 162."

The court adjudged Mr. McLain guilty of contempt, and ordered him committed to the custody of the county sheriff until he produced the records.

Mr. McLain petitions this court for a writ of habeas corpus. His petition is based principally upon the contention that the affidavit upon which the contempt proceedings are based is fatally defective. He contends that it nowhere states in what respect the records were material and pertinent for the use of the committee in its investigative procedure.

The rule here to be applied is set forth in *In re Battelle*, 207 Cal. 227 [277 P. 725, 65 A.L.R. 1497], approved in *In re Wells*, 29 Cal.2d 200 [173 P.2d 811], and for the purposes of this inquiry paraphrased as follows: A witness who is otherwise orderly and respectful cannot be adjudged guilty of contempt unless the order affirmatively sets forth the materiality and pertinency of the books and papers called for.

In cases of constructive contempt, as is this, not only the order but also the affidavit upon which it is based must sufficiently charge the alleged facts constituting the offense. (*In re Davis*, 31 Cal.2d 451 [189 P.2d 283].)

Applying this test to the order, and to the affidavit, it becomes immediately apparent that each of them is lacking in the essential allegations of materiality and pertinency of the records, and that the superior court was without jurisdiction to hear the case, or to adjudge contempt. The affidavit states conclusions; and the only statement of materiality in the order is by reference to the affidavit.

It is unnecessary, in view of the foregoing conclusion, to determine the issues raised by petitioner with regard to unreasonable search and seizure or the validity of the powers of the legislative committee; however, it should be noted, that petitioner's contentions relating thereto are not without merit. This case turns upon elementary principles of due process of law. Before any man may be imprisoned he is to know in the

affidavit charging him with constructive contempt in what respect records which he is ordered to produce are material to the investigation—legislative, executive, or judicial—under way.

The writ is granted and the petitioner discharged from custody.