Edward G. SCHEPP, Plaintiff,

v.

FREMONT COUNTY, WYOMING, a political subdivision of the State of Wyoming; Tim McKinney, sheriff of Fremont County, Wyoming, in his official and individual capacity; and William Eichelberger, county and prosecuting attorney for Fremont County, Wyoming, in his official capacity, Defendants.

No. C87–0292J.

United States District Court, D. Wyoming.

Feb. 9, 1988.

**21.** Okla.Stat. tit. 26, § 1–110.

Stephen L. Pevar, American Civil Liberties Union Foundation, Inc., Denver, Colo., Ronald N. Rogers, Cheyenne, Wyo., for plaintiff.

Edward L. Newell, II, Lander, Wyo., Elizageth Z. Smith, Cheyenne, Wyo., Jeffrey A. Donnell, Worland, Wyo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JOHNSON, District Judge.

### I. FACTS

The material facts in this case are not disputed. On 2 March 1981 an Information was filed in the District Court for the Ninth Judicial District of the State of Wyoming, charging Edward G. Schepp with drawing three fraudulent checks in violation of Wyo.Stat. § 6-3-110 (1977). At his 18 March 1981 arraignment, Mr. Schepp was represented by Donald Hall. After Mr. Schepp pled guilty to the charged offense, Judge Robert Ranck ordered a presentence report and set sentencing for 25 June 1981. Mr. Schepp was then released on his own recognizance.

On 25 June 1981 Judge Ranck sentenced Mr. Schepp to the maximum penalty of one year in the Fremont County Jail; the sentence was suspended to a year of unsupervised probation provided the insufficient funds checks were paid within 30 days. Judge Ranck signed the Judgment and Sentence on 13 July 1981, and it was filed with the clerk of court at Lander, Wyoming, on 17 July 1981. Judge Ranck has his office and residence at Jackson, Wyoming. He regularly attends court at Lander, Wyoming, within the Ninth Judicial District. Mr. Schepp made restitution on one of the three checks.

On 9 July 1982, Travis Moffat, a deputy county attorney, prepared a petition for revocation of Mr. Schepp's probation for failure to make full restitution. This petition was not filed until Monday, 19 July 1982. Judge Ranck set this matter for hearing for 29 July 1982, but vacated that hearing when Mr. Schepp could not be found. On 17 January 1983, Judge Ranck issued a bench warrant for the arrest and return of Mr. Schepp.

Donna Jones is a deputy sheriff for Maricopa County, Arizona. She handles most of the extradition matters for that county. She reports in her affidavit that Mr. Schepp was arrested in that county on 30 October 1984. Mr. Schepp contested extradition on Judge Ranck's outstanding bench warrant and was released on bail during the pendency of the proceedings. On 10 December 1984, Donna Jones's office received a governor's warrant from Wyoming. On 14 January 1985, Donna Jones notified the Fremont County Sheriff's office that Mr. Schepp could not be located at the address he gave.

On 16 May 1986, Mr. Schepp was again arrested in Maricopa County, on charges of fictitious license plates. On 20 May 1986, Mr. Schepp appeared before Judge Ryan, Superior Court of Arizona, Maricopa County. Mr. Schepp was then advised that he had ten days in which to file a writ of habeas corpus to contest the legality of the extradition. Mr. Schepp did not contest legality of the extradition by filing a writ.

On 1 June 1986, at about 9:15 P.M. Mr. Schepp arrived at the Fremont County Jail at Lander, Wyoming, from Arizona. The next morning Mr. Schepp was served with a copy of the bench warrant, and the Fremont County Attorney's office was advised that Mr. Schepp was in jail. On 5 June 1986, the jailer informed Sheriff Tim McKinney that Mr. Schepp had written a grievance and wished to speak with Sheriff McKinney. At about 8:30 A.M. that day, they spoke and Sheriff McKinney advised Mr. Schepp that he did not have a right to a trial within seventy-two hours. Sheriff McKinney also informed him that he had no authority to schedule court hearings for Judge Ranck, but provided him with a phone. Mr. Schepp had previously made phone calls on 1 June 1986 and 4 June 1986. On 5 June 1986, he called Judge Ranck's office at Jackson, Wyoming. Mr. Schepp got no further than Judge Ranck's secretary. The county attorney's office some time later advised Sheriff McKinney that Judge Ranck had set a hearing on 23 June 1986 when Judge Ranck was scheduled for court hearings in Lander. On 19 June 1986, a written order to this effect was served upon Mr. Schepp.

At the 23 June 1986 hearing, Mr. Schepp stated that he needed an attorney to win before a jury. Judge Ranck informed him that he was not entitled to a jury trial and noted that Mr. Schepp had admitted the allegations in the petition to revoke probation. Judge Ranck denied appointed counsel.

Judge Ranck then revoked Mr. Schepp's probation and remanded him to the custody of the sheriff for the sentence that was originally imposed. Mr. Schepp then explained to Judge Ranck that he had a ten year old son with brain cancer. In substance Schepp claimed that financial pressures from his son's illness had prevented him from making restitution on time. He also assured the court that a check was being mailed from Phoenix by express mail that would cover the outstanding checks that he was originally charged with having drawn. With these circumstances in mind, Judge Ranck agreed to suspend Mr. Schepp's sentence to time served upon ar-

rival of the Phoenix check and payment of the insufficient funds checks. This condition was soon satisfied and Mr. Schepp was released from custody.

## II. AMENDED COMPLAINT

By his amended complaint, Mr. Schepp sues under 42 U.S.C. § 1983 for an alleged violation of his sixth, eighth, and fourteenth amendment rights. He asserts liability against Sheriff McKinney and the present county attorney, Eichelberger, on grounds of reckless conduct exhibited by a callous indifference to Mr. Schepp's constitutionally protected rights. He asserts liability against Fremont County for failure to instruct, supervise, and control the individual defendants and for failure to properly supervise and control the operation of the Fremont County Jail.

Mr. Schepp seeks compensatory damages from Fremont County, Sheriff McKinney (in his individual and official capacity), and County Attorney Eichelberger (in his official capacity). Punitive damages are sought against Sheriff McKinney. A declaratory judgment under 28 U.S.C. §§ 2201, 2202 is sought as to violation of Mr. Schepp's federal constitutional rights. Finally, Mr. Schepp seeks attorney's fees and costs under 42 U.S.C. § 1988.

## III. REDRESS UNDER 42 U.S.C. § 1983

A party alleging a civil rights violation under section 1983 must prove that one acting under color of law deprived him of a federally secured right. 42 U.S.C. § 1983. Violation of a state law ordinarily is not cognizable under section 1983. It is cognizable, however, when a state statute

supplies the basis for the claim of a constitutional right—for example, state law creates the property interests that the fourteenth amendment protects. *See, e.g., Davis v. Scherer,* 468 U.S. 183, 193, 104 S.Ct. 3012, 3018, 82 L.Ed.2d 139 (1984); *Arcoren v. Peters,* 829 F.2d 671, 676–77 (8th Cir.1987); *Myers v. Morris,* 810 F.2d 1437, 1470 (8th Cir.1987); *Pollnow v. Glennon,* 757 F.2d 496, 501 (2nd Cir.1985).

## IV. THE FOURTEENTH AMENDMENT: UNTIMELY INITIATION OF REVOCATION OF PROBATION PROCEEDINGS

At the time of Mr. Schepp's revocation hearing, Wyoming law concerning timeliness of revocation proceedings was as follows:

The period of probation or suspension of trial or sentence and the conditions thereof shall be determined by the court and may be continued or extended. Upon the satisfactory fulfillment of the conditions of suspension of trial or sentence or probation the court shall by order duly entered discharge the defendant. At any time during the period of suspension of trial or sentence or probation, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of trial or sentence. As soon as practicable after the arrest the court shall cause the defendant to be brought before it and may proceed to deal with the case as if no suspension of trial or sentence or probation had been ordered.

Wyo.Stat. § 7–13–304 (1977).[1]

In *Lackey v. State,* 731 P.2d 565 (Wyo. 1987), the Wyoming Supreme Court inter-

---

1. This statute has been renumbered and amended to read as follows:

(a) The period of probation or suspension of sentence under W.S. 7–13–302 shall be determined by the court and may be continued or extended.

(b) Upon the satisfactory fulfillment of the conditions of suspension of sentence or probation under W.S. 7–13–302 the court shall enter an order discharging the defendant.

(c) For a violation of a condition of probation occurring during the probationary period, revocation proceedings may be commenced at

any time during the period of suspension of sentence or probation under W.S. 7–13–302, or within thirty (30) days thereafter, in which case the court may issue a warrant and cause the defendant to be arrested. If after hearing the court determines that the defendant violated any of the terms of probation or suspension of sentence, the court may proceed to deal with the case as if no suspension of sentence or probation had been ordered.

(d) The time for commencing revocation proceedings shall be automatically extended for any period of time in which the probationer is

preted this statute, focusing on the key language "during the period of probation." The court observed that "[w]hile this section obviously does not require that revocation proceedings be completed within the probationary period, it does require that such proceedings be initiated during the period." *Id.* at 568. Therefore, the court implicitly recognized that a warrant could come after the imposed probationary period had run provided that a petition for revocation had come before then.

■ Under the rule of *Lackey,* the revocation proceedings against Mr. Schepp were untimely. This is so since the petition for revocation was filed after Mr. Schepp's one-year probation had run. Not surprisingly, Mr. Schepp relies heavily on *Lackey.* For two reasons, the court finds that *Lackey* does not control this case. First, *Lackey* was decided months after Mr. Schepp's revocation hearing. Second, the statute that it interpreted was not clear on its face. As noted by *Lackey*'s two dissents, the court could have read the statute in such way that the initiation of proceedings against Mr. Schepp would have been timely. Under two conditions, Justice Brown was willing to declare revocation proceedings timely even though commenced after the imposed probation had run. First, the probation violation must have occurred while the probation period was running, and second, the proceedings must have been commenced within a reasonable time after the stated probationary period ends. *Id.* at 569. Defendants cannot be faulted for proceeding according to this or another view before *Lackey* was decided.

Even if *Lackey* did apply to Mr. Schepp's case, the named defendants still would not be liable. It was Judge Ranck's bench warrant that caused Mr. Schepp's return to Wyoming, not the petition for revocation

incarcerated outside this state during the probationary period for the conviction of an offense which is a violation of the conditions of probation, unless the probationer has made a valid request for final disposition under the interstate agreement on detainers, W.S. 7–15–101 through 7–15–101 [§§ 7–15–101 through 7–15–105].

Wyo.Stat. § 7–13–305 (Supp.1987).

filed by County Attorney Eichelberger's predecessor. Sheriff McKinney's fault is even more difficult to discern.[2] There is no basis for imposing liability upon Fremont County under this claim.

## V. THE FOURTEENTH AMENDMENT: FAILURE TO AFFORD AN INITIAL OR PROBABLE CAUSE HEARING

■ Mr. Schepp states two grounds to support this claim, namely, the constitutional rule contained in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Wyoming Rule of Criminal Procedure 5. *Morrissey* and *Gagnon* set forth minimum due process protections that must be given when revocation of probation or parole is sought. Arising from purely administrative revocation schemes, those cases required a probable cause hearing. Mr. Schepp perceives that he was not given such a hearing and sues the sheriff, prosecutor, and county for violating his fourteenth amendment rights. The flaw in this claim is that none of these defendants had any authority to provide Mr. Schepp a probable cause hearing. Accordingly, the fourteenth amendment claim must fail. Mr. Schepp can at least show a connection between the acts of a named defendant and Wyoming Rule of Criminal Procedure 5, which allows that claim to be discussed now.

■ Mr. Schepp argues that Sheriff McKinney had a duty under Wyoming Rule of Criminal Procedure 5 to take him without unreasonable delay before the nearest available commissioner. Rule 5 provides as follows:

**2.** "It is not the duty of a law enforcement officer to investigate the procedure which led to the issuance of a warrant. He can rely on the warrant; his duty is to make the arrest. He need not pass judgment on the judicial act or reflect on the legal effect of the adjudication." *Kimbley v. City of Green River,* 663 P.2d 871, 883 (Wyo.1983) (citing *Herndon v. County of Marin,* 25 Cal.App.3d 933, 102 Cal.Rptr. 221 (1972)).

(a) Appearance before the commissioner. —An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner. When a person arrested without a warrant is brought before a commissioner, the complaint shall be filed forthwith.

(b) Statement by commissioner.—The commissioner shall inform the defendant of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of the general circumstances under which he may secure pretrial release. He shall inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall also inform the defendant of his right to a preliminary examination. He shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules.

Rule 5 does not apply to this case. Sheriff McKinney was neither "[a]n officer making an arrest under a warrant issued upon a complaint" nor "a person making an arrest without a warrant." The suggested liability against Sheriff McKinney must fail.

Mr. Schepp's inability to fit Sheriff McKinney in Rule 5 arises because that rule does not cover probation revocation proceedings. The rule seeks "to provide officers from illegally obtaining statements during a defendant's initial confinement, but prior to an appearance before the magistrate[.]" *Cherniwchan v. State*, 594 P.2d 464, 466 (Wyo.1979) (citing 5 Am.Jur.2d, Arrest, § 75, p. 752 (1962)).[3] Initial confinement differs from confinement pending a probation revocation hearing.

Wyoming Rule of Criminal Procedure 33(f) governs the required hearing in the probation revocation context. That rule provides in relevant part as follows:

Revocation of probation.—The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.

Mr. Schepp received this hearing before Judge Ranck. The court again sees no connection between the named defendants and any alleged deprivation of Mr. Schepp's federally secured rights.

Mr. Schepp next claims that he was entitled to an initial hearing to determine identity. To support this, he refers the court to *Weisser v. State*, 600 P.2d 1320, 1324 (Wyo. 1979) (Rooney, J., concurring). Justice Rooney found no error in that case "because appellant acknowledged his identity and signed an extradition waiver prior to being taken into custody under the probation violation warrant. He also subsequently acknowledged his identity at the revocation hearing." *Id.* at 1325. On 5 May 1986 Mr. Schepp received a governor's warrant hearing in Arizona, and he has always acknowledged his identify after his return to Fremont County. As in *Weisser*, no error resulted from failure to provide an initial identification hearing. Furthermore, the named defendants had no authority to provide such a hearing.

## VI. THE SIXTH AMENDMENT: FAILURE TO PROVIDE MR. SCHEPP WITH COUNSEL

■ Mr. Schepp asserts two grounds to support this claim. First he cites and argues the constitutional rule concerning counsel as contained in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Because this sets the standard on the sixth amendment right to counsel in revocation of probation proceedings, it is a proper ground under section 1983. The problem for Mr. Schepp is that it concerns the judge's responsibility for decisions as to appointment of counsel and has no connection to any of the named defendants. In short, the defendants had no say in

---

3. Even had Mr. Schepp's rights been violated, his relief would be exclusion of evidence tainted by illegal detention and not dismissal. *Cherniwchan*, 594 P.2d at 467.

Judge Ranck's decision not to appoint counsel.

■ Mr. Schepp also claims that the defendants violated his sixth amendment rights by their failure to meet their duties contained in certain statutes from the Wyoming Public Defender Act. Mr. Schepp argues that Sheriff McKinney had a duty to clearly inform him of the right of a needy person to be represented by an attorney at public expense. Because Mr. Schepp had no attorney, he argues, Sheriff McKinney had further duty to notify the public defender that he was not represented.[4]

Mr. Schepp's claim, even if true, does not support a section 1983 claim. The state statute offered does not supply the basis of a sixth amendment claim. *See, e.g., Davis v. Scherer*, 468 U.S. 183, 193, 104 S.Ct. 3012, 3018, 82 L.Ed.2d 139 (1984); *Arcoren v. Peters*, 829 F.2d 671, 676–77 (8th Cir. 1987); *Myers v. Morris*, 810 F.2d 1437, 1470 (8th Cir.1987); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2nd Cir.1985). The limits of the federal sixth amendment right to counsel are announced in *Gagnon,* not the Wyoming statutes. Section 1983 is not a proper remedy for a sheriff's alleged failure to conform with Wyo.Stat. § 7–1–111 (1977). The statute does not empower the sheriff to appoint counsel.

The sixth amendment claim also fails against County Attorney Eichelberger. No duty or authority is imposed upon him in this area. To his credit, he filed with Judge Ranck a motion for appointment of counsel and later discussed the case with the public defender in Riverton. The defendants are not liable on Mr. Schepp's sixth amendment claim.

## VII. THE EIGHTH AMENDMENT: FAILURE TO ALLOW MR. SCHEPP TO POST BAIL

■ Mr. Schepp argues that "once a state creates an opportunity for bail, as Wyoming has done for probationers in Rule 33(f), it may not fail to consider an application by someone entitled to apply." Plain-

tiff's Reply Brief at 6. He then argues that "Judge Ranck's affidavit concedes that he did not consider granting bail to Schepp following his arrest and incarceration." *Id.* at 6–7. These arguments suffer from the same defect that plagues many of the other claims in this case—Judge Ranck is not a defendant and his actions were beyond the control of the named defendants.

Mr. Schepp attempts to tie this claim to Sheriff McKinney by arguing that he had a duty to take Schepp before the nearest available commissioner who could have ruled on bail. This duty arises under Mr. Schepp's belief that Wyoming Rule of Criminal Procedure 5 applies to probation revocation. As previously spelled out, the court rejects that position.

County Attorney Eichelberger went so far as to file a motion for bail. Neither he nor any other defendant deprived Mr. Schepp of a federally secured right to bail.

## VIII. CONCLUSION

None of the defendants have deprived Mr. Schepp of the federally protected rights that he asserts. Accordingly, the COURT NOW ORDERS that defendants' motions for summary judgment be GRANTED and that plaintiff's motion for partial summary judgment be DENIED.

---

4. The Wyoming Public Defender Act, now codified at Wyo.Stat. §§ 7–6–101 through 7–6–114 (Supp.1987), governs this case and was found at Wyo.Stat. §§ 7–1–107 through 7–1–121 (1977).