**J & G WHOLESALE, Appellant (Plaintiff),**

v.

**ALBANY COUNTY COMMISSIONERS and the Albany County Planning Commission, Appellees (Defendants).**

**No. 92–120.**

Supreme Court of Wyoming.

Jan. 29, 1993.

Mike Reese of Wiederspahn, Lummis & Liepas, P.C., Cheyenne, for appellant.

Kennard F. Nelson of Kirkwood & Nelson, Cal Rerucha, Albany County Atty., Laramie, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

GOLDEN, Justice.

In this appeal we are asked to decide whether Albany County has a more restrictive ordinance concerning outdoor advertising than those standards set out in the Wyoming Outdoor Advertising Act. In addition, we review the district court's grant of summary judgment on a civil rights

* Retired January 1, 1993.

claim which determined that Albany County did not take state action as contemplated by 42 U.S.C. § 1983.

We affirm the district court, but on grounds quite different from those employed by the district court.

Appellant, J & G Wholesale, provides this statement of the issues:

I. As a matter of state law, may the Wyoming Highway Department (now Wyoming Transportation Department) refuse to issue outdoor advertising permits based upon objections by a local government even though a more restrictive local ordinance does not exist?

II. Did the District Court err in interpreting the elements of a cause of action under 42 U.S.C. § 1983 when it denied Appellant's requested relief and held that: (1) The action by the Albany County Commissioners and Albany County Planning Commission was not sufficient to impose liability under § 1983 and (2) that the appellees were insulated from § 1983 liability since Appellees' "participation" in the billboard permit process "cannot be deemed to be State action"?

In its responsive statement to the issues raised by appellant, the appellees, Albany County Commissioners and the Albany County Planning Commission (Albany County), contend: "In granting summary judgment * * * the district court correctly applied the substantive law."

The facts of this case are a bit difficult to decipher from the record because the parties made little or no attempt to synthesize the procedural background in logical or chronological order. We are able to discern that in 1984 a predecessor of appellant was notified that the placement of a fireworks stand and trailer for employees along a highway in Albany County (13 miles south of Laramie on U.S. Highway 287) was in violation of Albany County's Land Use Management System. After renewal of the notice, appellant submitted a

permit request to the Albany County Planning Commission. A temporary permit was issued, pending further application and clarification of the initial request. Eventually, the Planning Commission received a site improvement proposal and it determined that a minor activity permit for the site was required. Appellant was then advised of the forms required and procedure for obtaining a minor activity permit. The Planning Commission did a site inspection and discovered that the fireworks stand was in full operation. It then informed appellant that unless a permit application was submitted, the Planning Commission would seek a restraining order. On July 4, 1988, a permit application was submitted. At its July 28, 1988 meeting the Planning Commission voted to approve the minor activity permit with conditions. Apparently the conditional approval did not sit well with appellant, so on February 3, 1989, it sought to disavow the minor activity permit application and continue its business under what it called a "grandfather clause" for the predecessor in interest to appellant. Appellant did not seek judicial review of the Planning Commission's decision or otherwise challenge the conditional permit.

Rather, appellant then made application to the Department of Transportation (formerly the Wyoming Highway Department) for an outdoor advertising permit pursuant to WYO.STAT. §§ 24–10–101 et seq. (1977). By letter dated February 27, 1989, the Department informed the Albany County Planning Commission of that application and gave this additional information:

The locations at 403.49 and 403.56 RT [milepost sites] are located at the storage yard of J & G Wholesale and meet the state requirements for permit if we consider the area to be unzoned commercial as defined in the State's Rules and Regulations governing outdoor advertising.

The structure at 403.70 RT now has on-premise advertising displayed (Storage Trailers, etc.). This makes it exempt from the State's Outdoor Advertising Law.

The two structures at Mileposts 413.44 and 413.74 LT meet the State's requirements for a state permit if we consider the area within 600 feet of either side of the business to be unzoned commercial and/or industrial as defined in the Rules and Regulations.

The other two structures located at Milepost 413.74 and 413.80 now display on-premise advertising which makes them exempt from the State's Outdoor Advertising Law.

We can issue the four permits if your office and/or the County Commissioners have no objection to the Wyoming State Highway Department declaring the two areas unzoned commercial for the purpose of Outdoor Advertising. We have enclosed a copy of the State Statute and the Rules and Regulations for your reference.

The Planning Commission responded to the Department of Transportation with this letter:

In your February 27, 1989 letter to our office regarding J & G Wholesale's application for billboards, you stated, "We can issue the four permits if your office and/or the County Commissioners have no objections to the Wyoming State Highway Department declaring the two areas unzoned commercial for the purpose of outdoor advertising." The County *does have objections.* The County has had a policy for at least five years which stated that all billboards must secure an Albany County Minor Activity Permit before they are erected. As you know, Albany County has a permit system in lieu of conventional zoning. As such, all changes in land use activities must receive County approval prior to being constructed. Mr. Haddenham *withdrew* his minor activity permit application for the signs at 1348 U.S. Highway 287 on February 3, 1989. The Board of County Commissioners then informed him that he had until March 3, 1989 to reapply or the County would commence enforcement actions. (See en-

closed letter). He has not reapplied as of yet and has, in fact, informed me that he has no intentions to do so.

The County has also informed Mr. Haddenham that three of the four billboards just south of Laramie are also illegal. The County informed him that he must reapply for a minor activity permit for those billboards as well. (See enclosed letter).

In conclusion, let me restate that the County would very much object to your issuance of a license for the billboards prior to Mr. Haddenham receiving the County's approval for the signs.

By letter dated March 4, 1989, appellant received this additional information from the Transportation Department:

We have contacted the Albany County Planning Office and were informed that you do not have county permits for the structures which you have erected. The Rules and Regulations promulgated by the Wyoming Highway Commission, Section 15, Page 71 d, states:

Local ordinances, regulations or resolutions more restrictive than the provisions of the Outdoor Advertising Act are not affected by these rules; therefore, the Wyoming Highway Commission has adopted a policy of denying outdoor advertising permits to those structures which are not in compliance with the local jurisdictions, rules, regulations and/or resolutions.

Based on this policy and after consultation with a Senior Assistant Attorney General, we must deny your permits.

We do, however, agree that the structures which display land for lease and/or storage for trailers, boats, etc., are on premise and exempt from state control. We are returning your application and money order and must again request removal of said structures unless they display on premise advertising.

You are further notified that your right to request a hearing before the Wyoming Highway Commission does still exist. However, you must submit a written request within 15 days of the date of this notice.

Appellant apparently did seek a hearing before the Transportation Commission, but it was not submitted within the time allowed under the statute. WYO.STAT. § 24–10–109(b) (Supp.1992). In its letter refusing to conduct a hearing, the Commission also pointed out that little purpose could be served by such a hearing, since the principal problem was the zoning problem which was entirely within the control of Albany County. Appellant was also invited to appear before the Commission at its February 22, 1990 meeting. Copies of this correspondence were addressed to the Albany County Planning Commission, and by letter dated February 21, 1990, the Planning Commission repeated that it "strongly object[ed]" to appellant's proposed billboards and that appellant had not cooperated in the planning office's efforts to resolve the Albany County zoning issues. Appellant eventually did make a presentation to the Transportation Commission, with the assistance of legal counsel, on April 12, 1990, but by letter dated April 16, 1990, appellant was informed that "the Commission determined Albany County has jurisdiction in the matter regarding zoning and therefore upholds the Department's rejection of Mr. Haddenham's sign application * * *."

On March 13, 1991, appellant filed suit, seeking declarations that the Transportation Department could not refuse to issue it outdoor advertising permits based upon the objections raised by Albany County because there was no legal justification for its objections and that Albany County had no authority to regulate outdoor advertising under its current ordinances. In addition, appellant sought, under 42 U.S.C. § 1983: to enjoin Albany County from interfering with its rights to obtain billboard permits from the Transportation Department; damages from Albany County for having deprived it of its property under color of state law; and attorney's fees pursuant to 42 U.S.C. § 1988.

The district court granted partial summary judgment in favor of appellant, holding that Albany County did not have an ordinance which was more restrictive than the state outdoor advertising act. However, the district court also found that Albany County did not deny the permits for outdoor advertising and, therefore, did not take state action as contemplated by 42 U.S.C. § 1983.

◾ The first question raised by appellant is engendered by WYO.STAT. § 24–10–111 (1977) which provides: "Nothing in this act shall be construed to abrogate or affect the provisions of any lawful ordinance, regulation or resolution, which is more restrictive than the provisions of this act." Because the parties failed to focus the issues raised in this appeal with precision, we are constrained to analyze the case in a manner quite divergent from that presented in the briefs.

The Wyoming Outdoor Advertising Act is the point of embarkation for our analysis. That act provides for regulation of outdoor advertising in order "to promote the safety, convenience and enjoyment of travel on, and protection of the public investment in highways within this state, and to preserve and enhance the natural scenic beauty or aesthetic features of the highways and adjacent areas * * *." WYO. STAT. § 24–10–102 (1977). To accomplish this purpose, outdoor advertising is regulated "in accordance with this act and the rules and regulations promulgated by the commission * * *." *Id.* The act goes on to provide definitions which illuminate the remainder of the act. In this case, we have no doubt that the signs at issue are "outdoor advertising" as defined by the act.[1] Of particular importance to the resolution of this matter is this statutory provision:

### § 24–10–104. Outdoor Advertising visible from highways prohibited; exceptions.

(a) No outdoor advertising shall be erected or maintained which is visible from the main-traveled way of the interstate or primary highways in this state, except the following:

\* \* \* \* \* \*

(v) Signs displays and devices located in unzoned commercial or industrial areas, within six hundred sixty (660) feet adjacent to the highway right-of-way, which areas shall be determined from actual land uses and defined by regulations to be promulgated by the commission.

Outdoor advertising described in WYO.STAT. § 24–10–104(a)(v) "shall conform with standards contained, and shall bear permits required, in regulations which are promulgated by the commission under this act." WYO.STAT. § 24–10–104(b). The commission is authorized to adopt rules and regulations to implement the statutes. WYO.STAT. § 24–10–105. An "unzoned commercial or industrial area" means:

[T]hose areas not zoned by state or local law, regulation or ordinance which are occupied by one (1) or more industrial or commercial activities other than outdoor advertising signs on the lands along the highways for a distance of six hundred (600) feet immediately adjacent to activities, and those lands directly opposite on the other side of the highway to the extent of the same dimensions; provided, those lands on the opposite side of the highway are not deemed scenic or having aesthetic value.

WYO.STAT. § 24–10–103(a)(ix).

In the rules and regulations promulgated by the Department of Transportation, "unzoned commercial or industrial area" is defined thus:

Those areas not zoned by state or local law, regulations or ordinance which are occupied by one or more industrial or

1. "Outdoor advertising" means any outdoor sign, display, light, device, figure, painting, drawing, message, plaque, poster, billboard, or other thing which is designed, intended or used to advertise or inform and which is visible from any place on the main-traveled way of the interstate or primary systems." WYO.STAT. § 24–10–103(a)(iii) (Supp.1992).

commercial activities, within six hundred sixty (660) feet of the highway right-of-way and visible from the travel way. This area shall extend along the highway for a distance of six hundred (600) feet from the commercial or industrial activity; and those lands directly opposite on the other side of the highway to the extent of the same dimensions; provided, those lands on the opposite side of the highway are not deemed scenic or having aesthetic value. *Unzoned commercial and industrial area designations must be approved by the local planning authority and/or the county commissioners having jurisdiction over the area.*

TRANSPORTATION COMMISSION OF WYOMING, RULES AND REGULATIONS, OUTDOOR ADVERTISING, Ch. XVI, Section 2.(w) (emphasized language added by 1992 amendment).

Albany County has adopted a comprehensive land use management system as authorized and contemplated by WYO.STAT. §§ 18–5–201 et seq. (1977). That land use management system does not purport to deal specifically with outdoor advertising, but the record does demonstrate that Albany County has traditionally treated outdoor advertising as an activity for which a minor activity permit is required. The land use plan has established criteria which must be met in order to obtain a minor activity permit, but those criteria provide no specific guidance concerning outdoor advertising. Moreover, the Albany County Land Use Management System does not designate areas as zoned or unzoned, commercial or noncommercial, industrial or nonindustrial. Rather, management objectives are achieved by discrete activities, *e.g.*, subdivision, mountain subdivision, subdivision improvements, variances, mobile home parks, campgrounds, and major subdivisions. Minor activity permits are described only in the "Administrative Procedures" chapter of the Land Use Management System, which states:

A Minor Activity Permit is required for construction of any proposed development of two through five dwelling units.

A Minor Activity Permit is also required for any proposed development or land use change or expansion comparable in size or impact to two through five dwelling units, including business or commercial developments on all parcels of land less than 35 acres. This permit application shall be reviewed by the Staff using the Land Use Management System, Chapter IV criteria, and if requested, by the Commission before the application is forwarded to the Board for final action.

Of course, we must read all these statutes, as well as rules and regulations, together and attempt to give all of them a full measure of meaning. We agree with the district court that Albany County has not established a "lawful ordinance, regulation or resolution which is more restrictive than the provisions of [the outdoor advertising] act." WYO.STAT. § 24–10–111. However, this determination really begs the larger questions which were not addressed by the parties in the district court or in this appeal. The real questions are: (1) whether the Transportation Department may delegate to the counties decisions about outdoor advertising in "unzoned commercial or industrial areas," (whether by policy or duly adopted regulation) and (2) whether the legislature has preempted county regulation of outdoor advertising unless the county has adopted a more restrictive ordinance. We need not decide those questions in this case. The regulatory provision cited above, Ch. XVI, Section 2.(w), (which was apparently only a "policy" before (1992)) appears to exceed the statutory grant of authority to adopt rules and regulations, and, absent the existence of a more restrictive ordinance, it would appear that the Outdoor Advertising Act is intended to cover this field of government regulation. Because these questions are not presented, we leave them for another day and another case.

In summary, we agree with the decision of the district court that Albany County does not have a more restrictive ordinance than the standards enunciated in the Outdoor Advertising Act.

In the civil rights portion of its complaint, appellant alleged that it made lawful application to the Department of Transportation for outdoor advertising permits and that Albany County went to "great lengths" to prevent issuance of those permits. Further, the Transportation Department's rejection of those permits was the direct result of that interference which caused damages, principally in the form of appellant's inability to lease the outdoor advertising signs.

There are several legal concepts fatal to appellant's complaint. It suffices if we make these observations. Albany County had no control over the adoption of the policy (now a regulation) in which the Transportation Department delegated to the counties a first right of approval over outdoor advertising in unzoned commercial and industrial areas, nor could it control the final decision which rested solely with the Wyoming Transportation Commission. Hence, Albany County cannot be held liable for the damages, if any, suffered by appellant. *Schepp v. Fremont County, Wyoming,* 900 F.2d 1448, 1456–57 (10th Cir. 1990); *Schepp v. Fremont County, Wyoming,* 685 F.Supp. 1200, 1206 (D.Wyo. 1988). Moreover, the record is clear that Albany County did not inject itself as a volunteer in this controversy. Appellant initiated an administrative proceeding by applying for outdoor advertising permits. As it was required to do by its own regulations, the Department of Transportation sought evidence from Albany County. Albany County was, thus, in the role of an adverse witness vis-a-vis the appellant and is immune from appellant's civil rights complaint. *Overman v. Klein,* 103 Idaho 795, 799–96, 654 P.2d 888, 892–93 (1982); *Moses v. McWilliams,* 379 Pa.Super. 150, 549 A.2d 950, 956–59 (1988); *Dowd v. City of New Richmond,* 137 Wis.2d 539, 405 N.W.2d 66, 76 (1987); 1 JOSEPH G. COOK AND JOHN L. SOBIESKI, JR., CIVIL RIGHTS ACTIONS ¶ 2.07[C] (1991). The district court properly dismissed the civil rights portion of appellant's complaint.

The judgment of the district court is affirmed.